WILKINS HUNT, ADM'R, v. JOHN D. WRIGHT AND WIFE.

Where the petition alleged a promise to pay " when thereunto afterwards re-
quested," and that offered in evidence was a promise to pay " in two years from
this date," it was held that the variance was fatal.

Appeal from Victoria.

*F. S. Stockdale,* for appellant.

*A. S. Cunningham,* for appellee.

WHEELER, J. It is very clear that the Court erred in over-
ruling the objection, on the ground of variance, to the contract
admitted in evidence as proof of the plaintiff's cause of action.
The contract sued on, as described in the petition, was made
on the 15th of December, 1837, for the payment by the de-
fendant of the sum specified, " when thereunto afterwards re-
quested." That admitted in evidence was a contract of that
date, for the payment of the sum specified, " in two years
from this date." The plaintiff's cause of action evidently was
upon the written contract, yet it was not so described in the
petition. In the account annexed reference is made to an
" obligation herewith exhibited ;" but it was not exhibited,
or filed, previous to the trial. If it had been made a part of
the petition, the defendant might have taken advantage of the
variance, or repugnancy by exception ; but as it was not, he
was not afforded the opportunity of taking the objection until
it was offered in evidence. He then objected to its introduc-
tion on account of the variance ; and the objection was well
taken, and ought to have been sustained.

Upon the question whether the evidence was sufficient to
establish the fact of the death of the defendant's intestate, and

notice of the fact to the plaintiff at any certain period of time, sufficiently remote to bring the case within the operation of the statute of limitations, it is not necessary to express an opinion, as the evidence may not be the same on a second trial. The judgment is reversed and the cause remanded.

Reversed and remanded.