RICHARD PETERS v. R. A. PHILLIPS AND WIFE, ADM'R., &C.

The jurisdiction of the County Court to enforce the specific performance by an administrator, of a contract of the deceased to convey real estate, is special, (Hart. Dig. Art. 1162,) and can be exercised only where there is a bond, or the agreement to make title is in writing.

The instrument showed sufficient evidence of the contract, in writing, to have authorized a decree for specific execution, had suit been brought in the District Court ; and we are of opinion, that although there is some difference between the terms employed in Art. 1162 (Hart. Dig.) and those used in the Statute of Frauds, yet that any such written evidence of a contract to sell property, as would authorize its specific execution in the District Court under the Statute of Frauds, will be sufficient to authorize the County Court to decree its execution.

Where the condition of a bond recited in full the terms of a previous contract between the obligor and the obligee, for the location, &c., of the headright of the obligor, and the payment of two hundred dollars by the locator (the obligee) to the obligor, and stipulated that, in a certain event in which such headright would prove to be invalid, the obligor should refund the two hundred dollars and interest ; the headright having been patented, it was held that the said bond was sufficient to give jurisdiction to the County Court, under the Statute, to decree a conveyance by the administrator of the obligor, of the locator's part ; and that it was no objection that the original contract was not produced, nor accounted for, nor shown to have been verbal.

Appeal from Bowie.    Tried below before the Hon. William S. Todd.

Petition filed in the County Court on the 5th of December, 1855, by Richard Peters, in the matter of the estate of John C. Byers, deceased, for specific performance of " a deed or " bond in writing to convey to petitioner and John S. Peters, " since deceased, twelve hundred and eighty acres of land out " of said Byers' headright. "The petition alleged that the con-

sideration of the bond was two hundred dollars paid to said Byers at the time, and the undertaking of said Richard and John S. Peters to have the headright of said Byers, which was for one league, surveyed and patented; which undertaking, they alleged, was fully performed by them; one-half in the said county of Bowie, the other in the county of Cass. The date of the contract was not alleged; nor the dates of the patents.

Massa Byers, the administratrix, answered by a general denial; plea of limitation of four years; amendment, pleading limitation of ten years. The administratrix having intermarried with R. N. Phillips, the latter was made a party to the suit.

September 29th, 1856, the contract sued on was filed, and read as follows:

Know all men by these presents that I, John C. Byers, of the county of Red River, Republic of Texas, am held and firmly bound unto John S. and Richard Peters, in the penal sum of four hundred dollars, to payment of which I bind myself, my heirs, &c. Sealed with my seal and dated this 13th March, 1839.

The condition of the above obligation is such that whereas a contract hath heretofore been entered into between said Peters and said Byers, by which said Peters undertook to locate and clear out of the Land Office one league and labor of land, to which said Byers is entitled by virtue of his headright as a citizen of Texas, they paying all expenses for the locating, surveying, officer's fees and government dues, and said Peters' having paid to said Byers the further sum of two hundred dollars in part, and executed their note for the balance, to said Byers, in consideration of all which said Byers is bound by the aforesaid contract to convey to said John S. and Richard Peters twelve hundred and eighty acres of the aforesaid league and labor of land in two sections, according to the

aforesaid contract, to be taken off of some line of said tract or tracts, as it may be located.

Now if, upon running the boundary line between the United States and Texas, it should so turn out that said Byers did not reside within the limits of Texas, at the Declaration of Independence, and therefore not be entitled to said league and labor of land as a citizen of Texas, then and in that case the said John C. Byers shall well and truly refund and pay back to said Peters, said sum of two hundred dollars, with lawful interest thereon, or return the note given for the same, then the above obligation to be void, else to remain in full force and effect.

JOHN C. BYERS, [Seal.]

Test :    Ennis Ury.

The patents were filed October 27, 1856 ; one dated January 10th, 1851 ; and the other 26th May, 1853.

December Term, 1856, of the County Court, an order was made, requiring the administratrix to convey the land.

On appeal to the District Court, the judgment was as follows :

Came the parties by their attorneys and announced themselves ready for trial, and after argument of counsel, it is considered and adjudged by the Court that the decision of the County Court in &c., be reversed, and that this judgment be certified to the County Court for observance, &c.

Statement of facts as follows :   It was admitted that plaintiff was the legal representative of J. S. Peters, deceased, and that defendants were the legal representatives of John C. Byers, deceased.   The plaintiffs and defendants both read as evidence, the patents and the bond made by Byers to J. S. & Richard Peters, which was all the evidence introduced by the parties.

Motion for a new trial on the ground of error in the judgment, and of newly discovered evidence of the fact, that the Peters and Byers had made a previous *verbal* contract, to the

same effect as that stated in the bond.   There was no entry
of the disposition made of the motion.

*S. F. Moseley* and *J. J. Peters*, for appellant.

*J. T. Mills*, for appellees.

HEMPHILL, CH. J.   The main question in this cause is
whether the instrument offered in evidence, and designated in
the margin as a title bond, is such a bond or written agree-
ment to make title to property as would, under Art. 1162, give
jurisdiction to the County Court.

The jurisdiction of that Court, over the subject matter, is
special, and can be exercised only where there is a bond, or
the agreement to make title is in writing.   Now literally, this
instrument is not a bond to make title ; but it recites fully the
terms and conditions of a contract to that effect, and by which
Byers (the intestate whose representatives are charged as de-
fendants in this suit,) undertakes and binds himself, on the per-
formance of certain conditions by the Peters, to convey to
them twelve hundred and eighty acres of his headright league
of land.   By a close construction, it might be held that this
instrument was not of a character to give jurisdiction under
the Article cited ; but although it would seem that the object of
giving the County Court authority, was to provide a cheap and
expeditious mode of enforcing plain agreements, about which
there was little or no dispute ; and although the resort to such
jurisdiction, where the case, like the present, is severely con-
tested, is deemed very injudicious, yet it would seem that the
same rules to ascertain what may be included within the scope
of the terms bond or written agreement, should be applied to
the construction of the Article, that are recognized with refer-
ence to the promise or agreement or memorandum of a con-
tract being in writing under the Act to prevent Frauds and
Perjuries.   This Act, in its first Section, Art. 1451, declares

that no action shall be brought to charge a person upon a contract for the sale of lands, unless the promise or agreement, or some memorandum thereof shall be in writing and signed by the party intended to be charged, or by his agent lawfully authorized. Now it has always been held, under Statutes of similar import, in England and in the other States, that the written evidence required by the Statute, need not be comprised in a single document, or drawn up in any particular form. It is sufficient if the contract can be plainly made out in all its terms from any writings of the party or from his correspondence ; that the place of signature is not material ; that the signature of a party as a witness to a deed which contained a recital of the agreement, was held sufficient, where it appeared that he knew of the recital. (Welford v. Beazeley, 1 Ves. Sen. 6 ; 1 Greenleaf Ev. Sec. 298.) That the receipt for the purchase money may constitute an agreement within the Statute ; (1 Sugden on Vendors, 115.) A receipt stating that the vendor had received of the vendee a certain sum, being on account of a plantation on the Cypress, sold to him this day for $2,200, payable in different instalments as per agreement, was held sufficient compliance with the Statute of Frauds. (1 McCord, 425.) The receipt for the purchase money, in part or in the whole, has in all cases been held sufficient, where it specifies the terms of the contract, names of the parties, amount of the purchase money, &c. ; and the reason is that there is so much of the contract in writing, that it can be enforced without the aid of parol testimony. (Brickman v. Brickman, 6 Blackford, 21 ; 4 Bibb, 466 ; 6 B. Monroe, 100.)

The instrument, in this case, shows clearly, and it appears fully by way of recital, all the terms of the contract by which, on the one hand, the Peters' undertook to locate and clear out of the land office the headright certificate of Byers ; and he, on the other hand, bound himself to convey to said Peters' twelve hundred and eighty acres, in two sections of the said tract or tracts of land, as the same might be located. The

names of the parties, the terms of the agreement, the conditions and covenants, are fully stated ; and there is no necessity of resort to parol testimony to ascertain any of the essentials ; or, it would seem, any of the particulars of the contracts. Byers states that he is bound by the contract to convey the land. This concludes him and his representatives. The instrument showed sufficient evidence of the contract in writing, to have authorized a decree for specific execution, had suit been brought in the District Court ; and we are of opinion, that although there is some difference between the terms employed in Art. 1162 and those used in the Statute of Frauds, yet that any such written evidence of a contract to sell property, as would authorize its specific execution in the District Court under the Statute of Frauds, will be sufficient to authorize the County Court to decree its execution. The policy of both of the provisions is that there should be written evidence of the contract, and that it should not be supported by parol ; and where the former is offered, the object is accomplished ; and the law in either case must be held as satisfied. Upon the whole, we are of opinion that the contract was legitimately within the cognizance of the County Court, and that the suit cannot be abated for want of jurisdiction.

This point was not raised by the parties ; but being one of jurisdiction, its consideration and decision could not be avoided.

This instrument, or bond, and the patents—the land being located in two tracts—were filed several months after the proceedings were commenced in the County Court. By whom they were filed does not appear. The County Court, in its judgment, recites that there was satisfactory written evidence of the contract, and decreed for the plaintiffs,—on appeal to the District Court, the judgment was reversed, but on what grounds does not distinctly appear. From the affidavit on the motion for a new trial, it might be presumed that in the opinion of the Court, the evidence was insufficient, in this,

that the contract to which there was reference was not produced. If so, there was error, as the evidence, in this particular, was, as we have shown, sufficient proof of the terms of the agreement.

But it does not appear that any evidence was offered by the plaintiffs, of the performance of the conditions, locating the land, etc. The record does not show from whose possession the patents came. The presumption from the argument of counsel is, that they were filed by Peters,—and there may have been a further presumption below, that as he had the patents in possession, he must have paid the charges and expenses.

But there being no evidence in relation to these facts, we do not feel authorized to enter the judgments which should have been pronounced below, and the judgment is therefore reversed and cause remanded for a new trial.

Reversed and remanded.