## CAVE JOHNSON v. GEORGE T. GRANGER AND WIFE.

1. STATUTE OF FRAUDS—MEMORANDUM.—Under the statute of frauds, the memorandum of the sale of lands should be so reasonably definite and certain within itself, or by other writing referred to, that the contract can be made out as to parties, consideration, and subject-matter without resort to parol evidence.

2. SAME.—A memorandum as follows is insufficient : " Beaumont, December 22, 1860. Received of Cave Johnson three hundred dollars on town lot. Signed, JOSEPH P. PULSIFER."

3. RESCISSION.—See facts held insufficient to authorize a rescission of a contract for the sale of lands and to recover moneys paid thereon.

4. CHARGE TO JURY.—Failure to instruct the jury upon issues made by the pleadings and evidence is technical error, but it will not require reversal unless the party complaining asked proper instructions at the time to supply such deficiency.

APPEAL from Jefferson. Tried below before the Hon. William Chambers.

The facts are given in the opinion.

*R. H. Leonard,* for appellant.

I. The charge of the court is erroneous. (Booth *v.* Cotton, 13 Tex., 362; Cooper *v.* Francis, 37 Tex., 445.)

II. The defendants having put it out of their power to make title to the lots, the plaintiff was entitled to have his money

refunded.    (21 Tex., 250; 13 Tex., 484, 552; 19 Tex., 194; 202.)

III. The suit was properly brought against Lucy E. Granger and her husband, she being the heir of Joseph P. Pulsifer and having received the whole of his estate, valued at $5,000. (See statement of facts, final exhibit, and receipt of L. E. Granger to administrator; Paschal's Dig., art. 1349; Montgomery *v.* Culton, 18 Tex., 736; Montgomery *v.* Nash, 23 Tex., 157.)

*Tom J. Russell,* for defendant, cited Roddy *v.* Kingsbury, 5 Tex., 151; Lea *v.* Hernandez, 10 Tex., 137; Paschal's Dig., 1313, 3875; Wain *v.* Warlters, 2 Smith's Lead. Cas., 241; Barickman *v.* Kuykendall, 6 Blackf., 21; Peters *v.* Phillips, 19 Tex., 74; 2 Kent, 39; 2 Blackst. Comm., 442; Garner *v.* Stubblefield, 5 Tex., 552; Story's Eq. Jur., secs. 757, 758, 760, 767.

BONNER, ASSOCIATE JUSTICE.—Cave Johnson, plaintiff, instituted this suit against George T. and Lucy E. Granger, defendants, on October 4, 1872, and alleged, substantially, that on December 22, 1860, he purchased of Joseph P. Pulsifer lots 4 and 5 in block 8 in the town of Beaumont for $500, of which $300 was paid down, and that a deed was to be made on payment of remainder, at some subsequent time not specified; that Pulsifer executed to him the following receipt: "Beaumont, December 22, 1860. Received of Cave Johnson three hundred dollars on town lot. Signed, JOSEPH P. PULSIFER"; that on July 17, 1861, Pulsifer died without having made a deed; that in 1861 letters of administration were taken out on his estate by defendant George T. Granger, and the administration finally closed on March 28, 1870; that proceeds of the estate were paid over to the defendant Lucy E. Granger, as the sole heir, and that plaintiff was put in possession of the lots, and continued in possession by his tenant, until the house was torn down during the war.

The material points in the testimony show·that the receipt was duly proven up as a claim against the estate on June 25, 1860, but was never presented, although both the plaintiff and his attorney, who had it for collection, knew of the pending administration; that some time after July 29, 1867, (date not shown,) the lots were sold by the administrator, and one purchased by the attorney of the plaintiff, in payment of fees due for services rendered in the administration of the estate, and that the lots were subsequently improved by another purchaser.  It is not alleged or shown that the plaintiff took any steps to perfect his title.  He prays for specific performance, although the subsequent purchasers are not made parties, or, in the alternative, for a moneyed judgment against the defendants.  They pleaded general denial, and special plea setting up that the sale was not evidenced in writing, as required by the statute of frauds; also the statute of limitations.

On the trial, the court, in effect, charged the jury that the receipt from Pulsifer to Johnson was not a sufficient memorandum of a sale of land under the statute of frauds.  No charge was given or asked on the other issue.

From the judgment on a verdict in favor of defendants, this writ of error is prosecuted.

The assignment of errors brings into review the charge of the court, and relates—

1. To the legal construction of the receipt given by Pulsifer to Johnson as a sufficient memorandum in writing under the statute of frauds.  (Paschal's Dig., art. 3875.)

2. To the failure of the court to charge the jury upon that issue under which plaintiff seeks a moneyed judgment.

First.  The object of the statute requiring the sale of lands to be evidenced by an agreement or some memorandum thereof in writing being (as the name of that of 29 Car., 11, from which ours is partly taken, denotes) "for the prevention of frauds and perjuries," this memorandum should be so reasonably definite and certain within itself, or by other

writing referred to, that the contract can be made out, as to parties, consideration, and subject-matter, without a resort to parol evidence. It should be so certain that a specific performance of it can be enforced. (Peters v. Phillips, 19 Tex., 74; Barickman v. Kuykendall, 6 Blackf., 21; Ellis v. Deadman's Heirs, 4 Bibb, 467; Kay v. Curd, 6 B. Monr., 100.)

Tested by this rule, the receipt was not a sufficient memorandum under the statute, and as it was the duty of the court to construe its legal effect, there was no error in the charge to thus hold.

Second. We are of opinion that the allegations of plaintiff were not sufficient to have entitled him to a judgment for the $300 paid by him to Joseph P. Pulsifer. He did not show that within a reasonable time, or at any time, he had placed him or his administrator, or the defendant Lucy E. Granger, in default, by having made a tender of the remaining $200, which was a condition precedent to the right to demand title; or that within a reasonable time within which he had the right to make this tender, Pulsifer or his administrator had improperly placed themselves in a situation so that title could not have been made; nor is any reason shown why the claim, although proven up, was never presented to the administrator.

There was no demurrer interposed by the defendant. In such case the proper practice, and the one most consistent with fairness to the other party, is to raise the question of the legal sufficiency of the pleadings by demurrer. (Williams v. Bailes, 9 Tex., 61; Borden v. Houston, 2 Tex., 614.)

Although there was abstract error in the action of the court in the failure to charge the jury upon the issue by which the plaintiff sought a judgment for money, yet the plaintiff did not call the attention of the court to it by asking a special charge.

It has been frequently held by this court, in civil cases, that it will not reverse the judgment because the instructions to the jury were not sufficiently comprehensive. In such cases

it is the duty of the party who is dissatisfied with the charge to ask further instructions to supply the deficiency. (Fowler v. Waller, 25 Tex., 701; Armstrong v. Toler, 11 Wheat., 276.)

We do not think, under the circumstances as presented by the record, that there was such error as would demand the reversal of the judgment below, and the same is accordingly affirmed.

AFFIRMED.