A. MOORE ET AL. v. R. F. POWELL ET AL.

No. 288.

**1. Specific Performance — Contract by One Part Owner.**—A contract signed by only one of the joint owners of land will not support an action for specific performance of a contract for sale of the entire property by all the owners.

**2. Statute of Frauds — Purchaser Signing Written Contract.**— A contract for the purchase and sale of land signed by the vendor only, can not, under the statute of frauds, be enforced against the vendees, since in such action they are the parties sought "to be charged therewith;" and that the vendees accepted the memorandum of sale signed alone by the vendor will not supply the want of their signature.

**3. Same—Signing Check for Part Payment.**—Nor, in such case, is the giving of a check by the vendees for part of the price a sufficient acceptance in writing under the statute.

**4. Same—Recovery of Purchase Money Paid.**—In a suit by the contract vendors to enforce an agreement for the sale of land which is void under the statute of frauds, a cross-action by defendants to recover the earnest money paid is not an attempt to enforce the void contract, nor to recover damages for its breach.

**5. Parol Evidence Varying Written Contract—Fraud.**—Where the suit is on an alleged written contract, and defendant's answer charges that such instrument was in fact only a receipt, and that while it contained some of the terms and features of a contract, these were fraudulently inserted therein by plaintiffs, proof in support of the answer can not be excluded under the rule rejecting parol evidence which attempts to vary a written contract.

APPEAL from Wichita. Tried below before J. A. TEMPLETON, Esq., Special Judge.

*J. H. Cobb*, for appellants.—1. The contract sued on and introduced in evidence was a valid contract in writing for the sale of land. Fulton v. Robinson, 55 Texas, 401; Fisher v. Bowser, 1 Posey's U. C., 346; Peters v. Phillips, 19 Texas, 74; Brewer v. Herbert, 96 Am. Dec., 582.

2. Where a vendee accepts a memorandum of the sale signed alone by the vendor, the vendee is bound thereby. 8 Am. and Eng. Encycl. of Law, 718.

3. If the names of the parties to a contract appear in the body of the writing by their authority, it is a sufficient signing within the meaning of the statute of frauds, and a broker becomes the agent of both parties for that purpose. Merrit v. Classon, 12 Johns., 102; Classon v. Bailey, 14 Johns., 487; Water. on Spec. Per., sec. 242; Mech. on Agency, sec. 932.

4. The giving of the check for $500, signed by R. F. Powell, on behalf of Powell & Barnes, was a sufficient acceptance in writing under the statute of frauds. Patton v. Rucker, 27 Texas, 409.

*A. H. Carrigan*, for appellees.—1. If A. Moore had any cause of action, J. C. King did not, and therefore J. C. King was not a proper party

to this action, and A. Moore having joined King with him in the action, can not maintain this suit. Stewart v. Gordon, 65 Texas, 344; Lockett v. Railway, 78 Texas, 211; Birmingham v. Griffin, 42 Texas, 147; Thomas v. Walsh, 44 Texas, 160; McIntyre v. Bowden, 61 Me., 153; Johnson v. Brooks, 31 Miss., 17.

2. For the same reasons there was a clear variance between the allegations of the petition describing the contract sued on and the contract introduced in evidence. This variance is material, for the reason that one of the plaintiffs is not a party to the contract introduced in evidence. If he was not a party to it, could it be a contract entered into by him? Wiseman said he was the agent of A. Moore and not J. C. King. Brinkley v. Harkins, 48 Texas, 225; Ins. Co. v. Lee, 73 Texas, 641; Shipman v. Fulcrod, 42 Texas, 248; Gammage v. Alexander, 14 Texas, 418; Mason v. Kleburg, 4 Texas, 85; Espy v. Heidenheimer, 58 Texas, 662.

3. The contract was not signed by the parties sought to be charged, and the statute of frauds was interposed as a defense. Rev. Stats. art. 2464; Crutchfield v. Donathan, 49 Texas, 691; Water. on Spec. Perf., secs. 239, 240.

4. Where a writing does not embody all the terms of a parol agreement, such terms as were not reduced to writing may be shown by oral evidence. Thompson v. Hammond, 47 Texas, 259; Cox v. Bray, 28 Texas, 52; 1 Greenl. on Ev., sec. 284a.

5. In order to make a memorandum for the sale of real estate binding, it must be in writing and be signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized. Rev. Stats., art. 2464, subdiv. 4; Crutchfield v. Donathan, 49 Texas, 691; Water. on Spec. Perf., secs. 242, 243.

TARLTON, Chief Justice.—On July 16, 1890, appellants A. Moore and J. C. King brought this suit against W. F. Barnes and R. F. Powell to enforce the specific performance of an alleged contract for the sale of lot 4 in block 164 of the town of Wichita Falls. The plaintiffs sued as vendors in the contract, charging the defendants as vendees therein, and sought to recover the sum of $5250 in money, after admitting a credit of $500 cash, and to compel the assumption by the defendants of certain obligations amounting to $4250, all alleged to be the purchase price of the property according to the terms of the contract.

The plaintiffs charged in their petition, that they were, on or about the 8th day of July, 1890, owners of the property described, and that at said date they entered into a contract in writing with the defendants for the sale of the property according to the following terms, viz.: The purchase price was $10,000, $5750 of which should be paid in cash, and the balance by the assumption by defendants of two certain promissory notes, aggregating $4250. Plaintiffs were to furnish an abstract of title to the

property, and a deed with covenants of general warranty. They alleged a compliance by them with the terms of the contract, and a failure on the part of the defendants, except as to the payment of $500 on the purchase price.

The defendants pleaded the general denial and non est factum to the contract declared upon, and also the statute of frauds, alleging that the contract, if any was entered into between them and the plaintiffs, was verbal. They further specially pleaded, that they did not accept or receive any contract in writing as described in the plaintiffs' petition; that at the date mentioned in the petition they were desirous of engaging as partners in the mercantile business in the town of Wichita Falls; that for this purpose they needed immediate possession of a suitable building; that they accordingly approached E. S. Wiseman, a real estate agent, with a view to the purchase of such a building; that Wiseman represented to them that he could sell and give to them immediate possession of a building such as they desired, with perfect title thereto; that he was the agent of A. Moore, one of the plaintiffs; that it was then verbally agreed between the defendants and Wiseman that they would purchase the property on the following conditions: 1. The title was to be approved by A. H. Carrigan, an attorney at law. 2. That in the event of approval by Carrigan, A. Moore should present a warranty deed to the premises, with immediate possession to the defendants, time being of the essence of the contract. 3. An abstract showing good title to the premises, with a general warranty deed, was to be presented within four days. 4. Wiseman agreeing to these terms, the defendants paid him $500, with the understanding that if they failed to comply with the terms stated, they were to forfeit to A. Moore the amount paid; but that in the event that the attorney, Carrigan, should fail to approve the title, or in the event that the plaintiffs should fail to tender to defendants the abstract and deed such as referred to, together with immediate possession of the premises, the $500 should be returned to the defendants.

That on their demand, Wiseman, as agent for A. Moore, executed to the defendants a receipt for the $500, but in which he fraudulently attempted to embody the terms of the purchase; that the receipt did not state the true terms of the contract; that the contract was in fact verbal; that the instrument was not accepted by the defendants as anything more than a receipt for the money; that Wiseman so represented it; that relying upon the representations of Wiseman, and with the understanding that the instrument was but a receipt, they did not examine the writing, but hurriedly accepted it; that plaintiffs are now fraudulently seeking to hold that the receipt contains all the terms of the contract.

The defendants alleged various defects in the title to the property, including the absence of any duly acknowledged or recorded deed to the property from John A. Scott, Jr., Sarah E. Scott, Caroline Gibbs, Sarah

E. Lee and her husband, H. P. Lee, and Fannie E. Scott, the purported heirs of John A. Scott, the patentee, or from John A. Scott. They prayed for a recovery against A. Moore for the $500 paid, besides interest.

The plaintiffs filed a supplemental petition, setting up three special exceptions to the special answer of the defendants. These, in effect, urged the insufficiency of the answer, because the averments thereof with reference to the execution and delivery of the instrument referred to sought to vary and contradict by parol the terms of a contract in writing.

They replied, that the defect in the title complained of was one common to the town of Wichita Falls, with a knowledge of the existence of which the defendants contracted with the plaintiffs; that the contract does not stipulate for a good record title, and that titles coming through the deeds mentioned are and have been good marketable titles. They further replied, that any technical defect in the title to the property was cured by limitation at the time of the making of the contract.

The judgment was to the effect, that the plaintiffs take nothing by their suit, and that the defendants recover of the plaintiff A. Moore on their plea in reconvention the sum of $500, besides interest, aggregating $520. The record discloses no conclusions of fact and law by the judge, who tried the case without a jury. The evidence is sharply conflicting with reference to the truth of the allegations of the defendants' answer, averring the character of the contract and its terms.

Under such circumstances, it becomes us to impute to the court such findings of fact as will support its judgment, if they are founded on testimony. Gardner v. Watson, 76 Texas, 25; Clark v. Cummings, 84 Texas, 614; Brush v. Land Co., 2 Texas Civ. App., 190. We therefore find the following conclusions of fact:

We find the averments of the defendant's special answer as to the terms of the contract in question to have been established by the testimony. The instrument referred to in the pleadings of the parties was executed by E. S. Wiseman, agent for A. Moore, and is as follows:

"WICHITA FALLS, TEXAS, July 8, 1890.

"Received of W. F. Barnes and R. F. Powell $500 as part payment on brick block owned by A. Moore and J. C. King, in Wichita Falls, Texas, and known as the Postoffice Building, the purchase price to be $10,000, payable as follows: $5750 cash, and assumption of two notes, one for $2000 and one for $2250, the accrued interest on these notes to be deducted out of the cash payment. This trade to be consummated when abstract and deeds are furnished.

[Signed]    "E. S. WISEMAN, Agent for A. Moore."

E. S. Wiseman, in executing this instrument, was the agent of A. Moore, and of him alone. He in no way represented J. C. King nor Barnes nor Powell.

When the instrument was executed, Powell gave Wiseman a check for $500, signed by himself. This money was collected by Mr. Moore, who has ever since refused to return it. One-half the amount was refunded by Barnes to Powell, who signed the check individually. It was agreed at the time that the instrument was not to be regarded as a contract between the parties, but that it was accepted solely as a receipt for the money paid, and it was so received by Powell, to whom it was delivered, and so understood by Wiseman and Barnes, though it appears that it was read by Powell (not Barnes) at the time of its execution. Though Powell and Barnes were acting together in the negotiations about the property, the one was not authorized to act for the other.

The title, under the terms of the agreement, having been submitted to A. H. Carrigan, that gentleman, on July 11, 1890, reported that it was defective; whereupon the defendants notified Moore that the trade could not be consummated, and demanded the refunding of the $500 already paid, which demand Moore refused. It is admitted in the briefs of the attorneys, respectively, that the deed to the property purporting to have emanated from the heirs of John A. Scott, the patentee, was not properly recorded in Wichita County. It appears that this defect attached to the title to the land on which the town of Wichita Falls is situated, and that in the spring before, Powell—not Barnes, however—had sold real estate dependent upon the same title; that the attention of his vendee, as well as his own, was called to this defect by the attorneys representing the vendee, who was nevertheless willing to risk the title. It also appears that the plaintiffs have been in actual and adverse possession of the property, paying taxes thereon, for more than five years prior to the contract in question, but it does not appear that they held under deeds duly recorded.

On July 14, 1890, Mr. Moore tendered to Powell a deed from Moore and King to Powell and Barnes to the property in controversy, and also tendered the possession of the property, which was declined by Powell, for the reason that Mr. Carrigan had declined to approve the title.

Meanwhile, on July 13, 1890, Mr. Barnes had abandoned the idea of going into business at Wichita Falls, because of his inability to secure a proper house.

*Opinion.* — We shall consider the questions arising with reference (1) to the case relied upon by the plaintiffs, and (2) to the counter-claim presented by the defendants' cross-bill, or plea in reconvention. We shall thus, we think, dispose of the several assignments of error, though not consecutively.

It will be noted that the contract as declared upon is an agreement entered into by A. Moore and J. C. King, and that the instrument read in evidence as a contract, by virtue of which recovery was sought, was exe-

cuted by E. S. Wiseman, agent for A. Moore. King was in no way a party to the contract relied upon in evidence. He was not present, and was ignorant that its execution was even contemplated. Will a contract signed by one party, a part owner of the property involved, support a judgment for specific performance of a sale for the entire property by both owners? We think not. We do not see how the benefits or provisions of the agreement relied upon can be possibly made to extend to J. C. King, who was in no sense a party to it. Stewart v. Gordon, 65 Texas, 344.

It is questionable whether the fact, that after the date of the instrument a deed was executed and tendered by J. C. King, in accordance with the terms of the agreement to which he was not a party, can be regarded as an adoption or a ratification by him of the act of Wiseman. The latter did not purport to act for King, or in any other capacity than as agent for A. Moore. There can be no valid ratification or adoption by one person of the act of another, unless the latter should have purported to act in the name of or for the person ratifying. When one person has assumed to act for another, the latter may adopt or ratify the act of the former, however unauthorized, but such ratification, to apply, must be founded at least upon an assumption of authority. Fry on Spec. Per., sec. 510; Ellison v. Water Co., 12 Cal., 552.

But if the instrument in question had in fact been signed by J. C. King as well as by A. Moore, we yet think it assailable as in contravention of the statute of frauds pleaded by the defendants. Article 2464 of our Revised Statutes requires, to maintain an action of the kind here sought to be asserted, that "the promise or agreement upon which such action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized." Was the contract relied upon by the plaintiffs "signed by the parties to be charged therewith, or by some person by them thereunto lawfully authorized?" It is signed neither by W. F. Barnes nor R. F. Powell, the parties against whom it is sought to be enforced. This fact is fatal to the plaintiffs' case.

In a recent case, Morris v. Gaines, 82 Texas, 255, Mr. Justice Gaines, of our Supreme Court, uses the following language: "The doctrine is, that when a contract is executory on both sides, and there has been no part performance, if the vendee seeks specific performance, he must show a memorandum of the sale signed by the vendor; and if the vendor seeks to enforce the payment of the purchase money, he must prove a promise in writing signed by the vendee. * * * The part performance, to take a case out of the operation of the statute, must be by the party who seeks to enforce the contract." In the present case there is an absence both of the requisite signing by the parties sought to be charged, and of a part performance by the parties seeking to charge them. The subse-

quent tender of the deed by the plaintiffs can not be regarded in the light of a part performance. This act of the plaintiffs could not validate a contract denounced in its inception by the statute. "To so hold would be, in effect, to say, the refusal to carry out the verbal contract, upon which this statute says the party shall not be charged, gives a court of equity the right to enforce it, which would be manifestly absurd." Ann Berta Lodge v. Leverton, 42 Texas, 26.

It is true that it does not follow that the contract or memorandum relied upon can not be enforced because it is in the form of a receipt. It has been several times held in this State, that a contract is not obnoxious to the statute of frauds because it is signed alone by one of the contracting parties. Crutchfield v. Donathen, 43 Texas, 691; Fulton v. Robinson, 55 Texas, 401; Fisher v. Bowser, 1 Posey's U. C., 346; Peters v. Phillips, 19 Texas, 74; Dial v. Crain, 10 Texas, 443. In each of these cases, however, the contract sought to be enforced was executed by the defendant in the action or by the person therein sought to be charged. Here the situation, in the respects named, is wholly reversed, and the agreement sought to be enforced is signed not by the person therein charged, but by the person alone who executed it.

The fact insisted upon by the appellants, that the vendees accepted the memorandum of the sale signed alone by the vendor, can not relieve the plaintiffs. This proposition is held to be correct in States where the statute requires the contract or memorandum to be signed by the vendor, and where there is consequently a significant omission of the expression "the party sought to be charged therewith." 8 Am. and Eng. Encycl. of Law, 718.

We can not concur with the appellants, that Wiseman, in the execution of the instrument already set out, should be regarded as the agent of the defendants, as well as of the plaintiff Moore. It is true that in transactions with reference to the sale of land, auctioneers and brokers are sometimes regarded as the agents of both parties, authorized to bind each by memorandum drawn by the auctioneer or the broker, as the case might be. To this effect are the authorities cited by the appellants in support of their contention. These authorities, however, are not applicable to the facts as found by us. Here Wiseman acted neither as an auctioneer nor a broker. He was the agent alone of the seller Moore; he represented and guarded his interests exclusively.

The further contention of appellants, that the signing of the check for $500 by R. F. Powell should be regarded as a sufficient acceptance in writing under the statute of frauds, we are unable to sustain. We look upon the giving of this check, under the facts stated, as in no sense a memorandum signed by the defendants, but simply as a substitute for the payment of $500 in money. In the case of Patton v. Rucker, 29 Texas,

409, cited by appellants, the accepted draft was executed under circumstances entirely different. It was referred to in amount and by description in the letter, or the correspondence of Rucker, the person therein sought to be charged, and was thus incorporated, so to speak, in the correspondence which constituted the agreement sought to be enforced in that case, and became a part and parcel of the agreement itself.

We thus see that the case relied upon by the plaintiffs is inherently weak, and the court could in no way have granted them the relief prayed for.

Were the defendants entitled to the judgment against plaintiff Moore, under their plea in reconvention? The answer to this question will depend upon the sufficiency of the special plea, the averments of which have been quite fully stated, and of the proof in support of those averments. The plaintiffs attack by special exceptions the allegations of the special answer, urging, as we have already seen, that they show an attempt to vary the terms of a written contract by parol evidence. They also objected to the testimony offered by the defendants in support of the allegations of the special answer, for the reason stated in their special exceptions.

We think that the action of the court was correct in overruling both the exceptions to the pleadings and the objections to the evidence. They are all founded on the assumption by the plaintiffs that a contract in writing was executed by the parties. The execution and the existence of this contract are denied by the defendants in the special answer referred to, and tested by its averments, the assumption of the plaintiffs can not be upheld. According to these averments, the instrument claimed by the plaintiffs to be a contract in writing was a mere receipt for money paid, and while it contains the terms of an agreement and the features of a contract, these are charged by the defendants to have been fraudulently inserted.

We think that under the averments, which show that the features of a contract which were impressed upon the instrument were the result of the fraudulent conduct of the plaintiffs' agent, the exceptions were properly overruled, and the testimony complained of properly admitted.

We have, then, a case in which the defendants paid to the plaintiff A. Moore the sum of $500, in consideration of which he should, within a specified time, make to them a deed conveying a title good and sufficient within the approval of a person named, A. H. Carrigan, to the real estate involved, and in which the plaintiff Moore, having failed to comply with the terms of the agreement, refused to restore the money which he had received. Moore, it is true, could not be compelled to comply with this contract, because obnoxious to the statute of frauds; but it is nevertheless true that he would not be entitled to retain the money received by him

by virtue of the agreement which he has violated.   The defendants, we think, would be entitled to recover the sum so paid by them.

We do not regard the cross-action by the defendants as a suit to enforce the specific performance of a contract void under the statute of frauds, nor as an attempt to recover damages for its breach.   We look upon it as an action whereby the defendants seek simply to recover a sum of money paid by them, and had and received by A. Moore, in consideration of an undertaking with which he has failed to comply.   Railway v. Young, 13 Texas, 549; Thouvenin v. Lea, 26 Texas, 612.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

Delivered January 30, 1894.

Application for writ of error denied by Supreme Court.