## O'CONNOR v. CAMP et al.

(Court of Civil Appeals of Texas. Dallas. May 24, 1913. Rehearing Denied June 14, 1913.)

1. PRINCIPAL AND AGENT (§ 149*)—AUTHORITY.

A contract signed by "M. & B. agents of the estate of B. O'Connor, authorized by E. O. Tenison," which recited that there was received of C. a certain sum in payment of a lot, would not bind John F. O'Connor, in the absence of proof that the contract was authorized to be signed for him, though he was the executor of the estate and one of the heirs.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 553–555; Dec. Dig. § 149.*]

2. EVIDENCE (§ 455*) — PAROL EVIDENCE — MODIFICATION OF CONTRACT.

Parol evidence is not admissible to show that the parties to a contract used language in a sense different from its ordinary meaning.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2104; Dec. Dig. § 455.*]

3. EVIDENCE (§ 455*) — PAROL EVIDENCE—VARYING CONTRACTS.

It is not permissible to show that the word "estate" used in a contract purporting to sell land as agents of the estate of another was intended to be used for the word "heirs," or that heirs were included therein.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2104; Dec. Dig. § 455.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**4. PRINCIPAL AND AGENT (§ 164*)—RATIFICATION.**

To permit a valid ratification of a contract made by another, it must purport to be made for or in the name of the ratifying person.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 622–625; Dec. Dig. § 164.*]

Error to District Court, Dallas County; J. C. Roberts, Judge.

Action by T. L. Camp against John F. O'Connor and others, heirs of B. O'Connor, for specific performance of a contract to sell land. Judgment for plaintiff and others, and defendant named brings error. Reversed and rendered.

Spence, Knight, Baker & Harris, of Dallas, for plaintiff in error. Crane & Crane and K. R. Craig, all of Dallas, for defendants in error.

RAINEY, C. J. Defendant in error Camp sought to recover on the following contract, viz.: "Dallas, Texas, July 12, 1906. Received of Thomas L. Camp the sum of $200.00 in part payment for 50x100 feet, the southwest corner of Main and Dove streets, part of block 171, according to Murphy & Bolanz's official map of the city of Dallas, Texas, this day sold by us as agents of the estate of B. O'Connor to the said Camp for the purchase price of $4,000.00, payable as follows: $1,000.00 cash, balance in three notes of $1,000.00 each, due in 1, 2 and 3 years after date, bearing interest from date until paid at the rate of 6% interest, payable semiannually as it accrues. Privilege of paying off any or all notes at end of any year. Said notes to be secured by the usual form of vendor's lien and deed of trust. Conditioned upon an authentic abstract showing good title to said property and should the title to said property prove not good and cannot be made good within a reasonable time, say 60 days from date thereof, then we obligate ourselves to return to said Camp the sum of $200.00 now paid, upon the return and cancellation of this receipt. The balance of cash payment to be paid and notes and deed of trust to be executed upon delivery of general warranty deed properly conveying the hereinbefore described property. It being understood that the property shall be free and clear of all incumbrances of whatsoever nature, including taxes of 1906. Insurance and rents to be pro rated from date of delivery of deed. Deed to be made to whomsoever the said Camp may name. Murphy & Bolanz, Agents of the Estate of B. O'Connor, Authorized by E. O. Tenison." Defendant in error claimed that J. C. O'Connor was the independent executor of the estate of B. O'Connor, and had the control and management of said estate, and that the legal title to said land was in him, that said J. C. O'Connor had authorized E. O. Tenison to sell said land, and he, Tenison, had authorized Murphy & Bolanz to make the contract of sale. It was also claimed that Murphy & Bolanz intended in making said contract of sale to bind all the heirs of B. O'Connor, deceased, who were named as defendants in the petition, and that said contract of sale had been ratified by plaintiff in error. Plaintiff in error denied the authority of Murphy & Bolanz to enter into said contract of sale for him, and denied ratification of same by him.

The will of B. O'Connor, deceased, nominates J. C. O'Connor as his executor, and states "hereby authorizing and empowering him to in all things manage and control the estate as in his judgment may seem best," and then names other executors to act in the event J. C. O'Connor fails to act, conferring upon them the same powers as confered upon J. C. O'Connor, and providing that no bond shall be required of said executors by any court. The will gave J. C. O'Connor no authority to sell the land, and therefore he could confer none on Murpry & Bolanz to dispose of the interest of the plaintiff in error. There was no testimony showing authority in Murphy & Bolanz from John F. O'Connor, plaintiff in error, to make the contract of sale. There was testimony tending to show ratification by plaintiff in error, though he testified to the contrary. There being no testimony showing that plaintiff in error authorized the making of the contract, the jury must have based its verdict on the testimony of ratification. While the testimony was sufficient upon which to base a finding of ratification, had the contract been made by plaintiff in error's authority, or had it purported to have been made for him, then he would have been bound thereby.

[1] We are of the opinion that the contract here sued upon is very similar to the one passed upon in Morrison v. Hazzard, 99 Tex. 583, 92 S. W. 33, and on the authority of that case we feel bound to construe the contract here as the one in the Morrison-Hazzard Case was construed; that is, the contract here purports to have been made by Murphy & Bolanz as agents of the estate of B. O'Connor. The name of John F. O'Connor is not mentioned therein, nor was it authorized by him. There is no authority shown in said agents to sell said land for plaintiff in error, and the contract is of no effect as to him.

[2] The petition alleged that all the defendants are the heirs of B. O'Connor, etc., "but there is no allegation that there was any mistake in preparing the contract, or in the language used therein. Parol evidence is not admissible to show that parties to a contract used language in a sense different from its ordinary meaning, for that would effectually vary the terms of the contract." Morrison v. Hazzard, supra.

[3] We therefore conclude from the foregoing language used by Mr. Justice Brown

that, in the absence of allegations of mistake, it was not competent to show that by the use of the word "estate" in the contract that "heirs" was intended to be used or that heirs were included therein.

[4] To make a valid ratification of a contract by another party, the contract must purport to be in the name of or for the person ratifying. Bank v. Jones, 18 Tex. 811; Moore v. Powell, 6 Tex. Civ. App. 43, 25 S. W. 472. As the contract was not made in the name of John F. O'Connor, nor purports to be made for him, his acquiescence therein and promise to make deed to the land, there being no writing to that effect, did not amount to a ratification, and there was error in the court so holding.

The case shows that it has been fully developed, and there seems to be no need to remand for another trial. The judgment will therefore be reversed, and judgment here rendered for plaintiff in error.

Reversed and rendered.