## MILLER v. FRAM.    (No. 10152.)

Court of Civil Appeals of Texas. Dallas.
Feb. 18, 1928.

1. **Pleading** ⬤⟞256—**Pleas controverting privilege are amendable under same rules as other pleadings.**

Pleas controverting privilege are amendable under the same rules and with like effect as other pleadings.

2. **Pleading** ⬤⟞264—**Plea of privilege is amendable and amendment relates back to and supersedes original plea.**

A plea of privilege is amendable, and the amendment relates back to and supersedes the original plea.

3. **Pleading** ⬤⟞258(1)—**Permitting plaintiff to file amended contesting plea to defendant's plea of privilege after time allowed by statute for filing contest held proper (Rev. St. 1925, art. 1995, subd. 4).**

Court's permitting plaintiff to file an amended contesting plea to defendant's plea of privilege, based on Rev. St. 1925, art. 1995, subd. 4, after time allowed by statute for filing contest, held proper.

4. **Specific performance** ⬤⟞19 — **Mortgagee could not be compelled specifically to convey mortgaged land on sale contract made by mortgagor.**

Mortgagee could not be compelled specifically to convey mortgaged land because of sale contract made by mortgagor to third person, since one cannot be compelled to convey land he does not own.

5. **Specific performance** ⬤⟞106(4)—**Mortgagee, not party to mortgagor's contract to sell realty, could not be made party by implication or parol because of his having agreed with mortgagor to release interest.**

Mortgagee of real estate, who was not a party to the mortgagor's contract to sell the realty, could not be made a party by implication or parol because of his having agreed with mortgagor, unknown to purchaser who was seeking specific performance, to release his interest.

6. **Venue** ⬤⟞22(3)—**Mortgagee, being neither necessary nor proper party to suit against mortgagor for specific performance of contract for sale, was entitled to have venue changed to county of his residence.**

Mortgagee of real estate *held* neither a necessary nor a proper party to a suit wherein a third person sought specific performance

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of mortgagor's contract to sell the real estate, and his plea of privilege should have been sustained and venue of the cause as to him changed to' the county of his residence.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit for specific performance by J. C. Fram against Will F. Miller and another. From an order overruling his plea of privilege to be sued in the county of his residence, defendant Miller appeals. Reversed and remanded with instructions.

Harry Holmes, of Houston, for appellant. Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellee.

LOONEY, J. This suit was filed in a district court of Dallas county by J. C. Fram against J. W. Billsborough, a resident of Dallas county, and Will F. Miller, a resident of Harris county, to compel specific performance of a contract to convey 88 acres of land located in Hidalgo county, Tex.

Miller pleaded his privilege to be sued in Harris, the county of his residence. The plea was contested by plaintiff on the ground that the facts of the case brought it within the provision of subdivision 4 of article 1995, R. S. 1925, that provides:

"If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." ·

On. hearing, the court entered an order overruling the plea of privilege, from which Miller has appealed to this court.

Appellant insists that the court was without jurisdiction to enter any order in the case as to him except one transferring the case for trial to a proper court in Harris county.

This contention is based on the idea that, although plaintiff's contest of the plea of privilege was filed in time it was insufficient, in that it failed to set out specifically the fact or facts relied upon to confer venue on the district court of Dallas county, and that the court erred in permitting plaintiff to file an amended contesting plea after the time allowed by the statute for filing a contest; hence its plain and only duty was to transfer the case to Harris county.

[1] We cannot assent to the correctness of this proposition. We are of the opinion that controverting pleas are amendable under the same rules and with like effect as any other pleading.

[2] It has been held in several cases that pleas of privilege are amendable, and that the amendment relates back to and supersedes the original plea. Beckwith v. Powers (Tex. Civ. App.) 157 S. W. 177; Cobb v. Burt Co. (Tex. Civ. App.) 241 S. W. 185. This being true, it would be an anomalous situation if controverting pleas could not with equal freedom be also amended.

[3] In harmony with this view, we hold
2 S.W.(2d)—64

that the court did not err in permitting appellee to amend his controverting plea; that the same related back to the filing of the original and superseded it—hence all assignments and propositions germane to this contention are overruled.

Appellant urges a number of propositions based on assignments that complain of the action of the court in overruling exceptions to plaintiff's controverting plea, in admitting evidence over his objections in support thereof, and that challenged the sufficiency of the evidence to support the findings of the court on which the order overruling the plea of privilege was based.

Each proposition, urged under these several assignments, cluster around and in effect present but one question; that is, as to whether or not Miller was a necessary or proper party to the suit. If he was either, he was properly sued in Dallas county; if not, his plea of privilege should have been sustained and the venue of the cause as to him changed to Harris county.

We do not believe it necessary to discuss any question except the sufficiency of the evidence to sustain the findings of the court, for a determination of this necessarily determines all others.

This is essentially an action to compel conveyance by defendants of 88 acres of land in Hidalgo county, in performance of a contract between Billsborough and Fram, Miller was not a party thereto. Billsborough and Fram were on a trade for the exchange of properties that contemplated a conveyance by Billsborough to Fram of the 88 acres. The land was inspected and approved by Fram, and evidently a tentative understanding was reached as to the trade. Miller held a mortgage on the land to secure the payment of indebtedness owing him by Billsborough, that was evidenced by a deed absolute in form. Billsborough visited Miller at Houston, represented to him that he had sold the land to Fram and wanted to ascertain terms on which Miller would release the land from the mortgage. Miller agreed to release, on payment to him by Billsborough of $10,000, and, at Billsborough's request, executed a deed conveying the land to Fram on a recited consideration of $10 and other considerations. On Billsborough's insistence that the transaction could be handled more conveniently if Miller would intrust him with the deed, the same was delivered to him, with instructions by Miller to close the deal right away and send him the money, $10,000, and to this Billsborough assented, agreeing not to deliver the deed until he had sent the money. · After getting the deed, under these circumstances, Billsborough returned to Dallas and within a few days entered into the written contract with Fram. Miller had nothing to do with the contract, and, so far as the record discloses, had no knowledge as to its existence or contents. The fact that the legal title

.stood in his name as security, or that he had any claim on or interest in the land, was unknown to Fram at the time the contract was made, and was not disclosed until later, when Fram's attorney, in examining the abstract, ascertained that the legal title stood in Miller. Thereupon he called this to the attention of Billsborough, who then produced the deed and explained that he owed Miller money. Fram's attorney checked the deed and approved it as to form and returned it to Billsborough. The deed was later returned by Billsborough to Miller. The reason for doing so he said was that he owed Miller money, and it seemed like they were not going to be able to close up the deal; that objections were raised to the title, the time limit expired in a few days, and Miller wanted the money, which he was not able to raise without this deal going through; that he expected to raise it, and had arrangements made if he made the deal; that the reason he sent the deed back was that Miller requested him to do so or send the money, which he agreed to do when he first got the deed from Miller.

Miller's only connection with the transaction, so far as Fram knew, is best described by him. He said:

"I never did communicate to Miller any conversation which I had with Billsborough. I never did talk with Mr. Miller about this deal. I never did write him a letter about it. I never did get a letter from him about it. The only thing I have, connecting Will F. Miller with this transaction, is the fact that Billsborough had this deed in his possession that was executed in my name and signed by Miller. That's the only way I connected Mr. Miller with this deed in any way."

Thus it is beyond dispute that Miller did not own the land or any interest therein, except as mortgagee, that he did not contract to convey, and his only connection with the transaction was that, when informed by Billsborough the land had been sold by him to Fram, Miller agreed to release on terms that were never complied with.

[4, 5] We are of the opinion, therefore, that Miller cannot be compelled to convey land he did not own, nor to specifically perform a contract he neither made nor authorized, nor can he be made a party to the contract by implication or parol.

The following cases support our view of the case: Moore v. Powell, 6 Tex. Civ. App. 43, 25 S. W. 472; O'Connor v. Camp (Tex. Civ. App.) 158 S. W. 203; Henderson v. Jones (Tex. Civ. App.) 227 S. W. 736; Morrison v. Hazzard (Tex. Civ. App.) 88 S. W. 385; Johnson v. Granger, 51 Tex. 42, 44, 45; Zanderson v. Sullivan, 91 Tex. 499, 44 S. W. 484, 485; Armstrong v. James (Tex. Civ. App.) 220 S. W. 420.

[6] As the evidence failed to make a prima facie case against Miller, he was neither a necessary nor a proper party to the suit; hence the court erred in overruling his plea of privilege. Avery Co. v. Barker (Tex. Civ. App.) 243 S. W. 695; Russell Grader Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124, 125. The judgment is reversed, and the cause remanded to the court below, with instructions to enter appropriate orders transferring the case for trial, as to the defendant Miller, to a proper court of Harris county, Tex.

Reversed and remanded, with instructions.