### WARREN MFG. CO., Inc. v. HOOVER.
#### No. 5994.

Court of Civil Appeals of Texas. Amarillo.
Sept. 26, 1949.

Lindsey, Benson & Smith, Lubbock, for appellant.

Ratliff & Conner, Spur, for appellee.

STOKES, Justice.

On February 18, 1948, appellee, A. V. Hoover, purchased from Horace Roberson, doing business under the trade name of Roberson Distributing Company at Lub-

bock, certain refrigeration equipment for the preservation of meats, vegetables, milk, butter, etc. to be installed in a new grocery store which appellee was establishing at Spur in Dickens County. The contract of purchase was in writing and provided a total purchase price of $5,020 of which $1,396 was paid in cash and $600 was paid by the exchange of a used refrigerating case then owned by appellee. The balance of the purchase price was evidenced by a note payable in monthly installments of $125.80 each, to secure the payment of which Roberson Distributing Company retained title to the new equipment. The sale was made to appellee by D. C. Slade who was employed by Roberson Distributing Company as a salesman on a salary basis. Roberson Distributing Company immediately placed an order with the appellant for the cooling system and it was transported by truck from the factory of Warren Company at Atlanta, Georgia. The truck belonged to appellant, Warren Manufacturing Company of Beaumont, Texas, a corporation, which was the distributor in Texas of the products of the Warren Company of Atlanta, Georgia. When the truck bearing the cooling system arrived at Lubbock, Roberson arranged with the driver to transport the property on to Spur and, thereafter, Roberson had it installed in appellee's store. Within a short time after its installation the system began to give evidence of its inefficiency. The temperature would vary so that at one time it would be too low and at another entirely too high. It leaked gas and failed to drain the water which accumulated from its defrosting process, and resulted in spoiling and rendering unfit for sale or use the meats and other foods stored in it. Appellee called upon Roberson who sent workmen to appellee's place of business on a number of occasions to make the necessary adjustments or repairs. After the adjustments or repairs were made the system would function satisfactorily for a few days but invariably it would again assume its erratic behavior and this procedure continued until, finally, appellant itself undertook to make the system work in a satisfactory manner and even replaced one of the units, all without expense to appellee.

On April 14, 1949, appellee filed this suit against the appellant, Warren Manufacturing Company, Inc., in the District Court of Dickens County, alleging that appellant was engaged in the business of manufacturing and selling refrigeration equipment and that D. C. Slade was its agent, engaged by it to sell such equipment to the general public, and that appellant sent Slade to appellee's store at Spur for the purpose of selling to appellee, and installing, the new refrigeration system. He alleged that Slade represented to him that the equipment would properly and efficiently store and display his frozen foods, meats, vegetables, poultry and dairy products of all kinds and would keep the same fresh and in proper condition for sale to his customers. He alleged further that the equipment wholly failed to function in the respects represented by Slade and that, after many efforts on the part of appellant to remedy the defects, it failed to function in a proper manner and became wholly useless and of no value whatever to him. He prayed for recovery of the amount he had paid for the refrigeration system, including the balance due on the note executed by him, which had been assigned to appellant by Roberson Distributing Company and by appellant to innocent purchasers, and for several hundred dollars which he alleged he had lost in the value of food which had spoiled and become worthless and unsalable by reason of failure of the equipment to function properly and in the manner represented to him by Slade.

Appellant filed its plea of privilege alleging its residence to be in Jefferson County and that no exception to exclusive venue in the county of one's residence, provided by law, existed in the cause. Appellee controverted the plea of privilege by proper affidavit and pleading of which he made his original petition a part, and the issues thus made were submitted to the court without the intervention of a jury. The trial resulted in a judgment overruling appellant's plea of privilege, to which it duly excepted and from which it has perfected its appeal to this court.

Appellant assigns error of the court in denying its plea of privilege and asserts, first, that appellee wholly failed to prove a cause of action against it; secondly, that it did not ratify nor adopt the contract under which appellee purchased the equipment; and, thirdly, that the undisputed evidence showed that no contract was made between it and appellee but that the contract of purchase was made between appellee and a third party, who was not a party to the suit, acting through the third party's agent, D. C. Slade. Appellee answers these contentions by asserting that, according to the evidence, Roberson Distributing Company and, through it, D. C. Slade was the agent of appellant in making the contract of sale sued upon; that the evidence was entirely sufficient to support the judgment upon the theory that appellant had ratified, confirmed and adopted the contract and that the evidence was sufficient to support the judgment upon the theory that the appellant, acting through its officers, made the contract sued upon. He contends further that the cause of action having arisen in Dickens County where the contract was made and breached, venue was properly laid in that county under the provisions of Sec. 23 of Art. 1995, Revised Civil Statutes of 1925, Vernon's Ann.Civ.St. art. 1995, subd. 23.

There is nothing in the contract executed by appellee and Roberson Distributing Company, under which appellee purchased the refrigeration system, that indicates appellant had anything to do with the sale of the equipment to appellee. D. C. Slade had formerly owned the distributing business of Roberson Distributing Company at Lubbock but he had sold it to the latter and, at the time of the sale to appellee, Slade was an employee and salesman of Roberson Distributing Company upon a salary basis. Appellee does not claim that the written contract under which he purchased the equipment was executed by appellant but contends that Roberson Distributing Company was the agent and representative of appellant in Lubbock and surrounding territory and that such agency was created by another contract which was executed by them on December 30, 1947.

He contends that Slade was employed by Roberson and that Slade's acts and representations were the acts and representations of Roberson who was the agent of appellant and that when the contract was breached and the equipment failed properly to function, his cause of action against appellant arose in Dickens County and, therefore, no error was committed by the court in overruling appellant's plea of privilege.

The contract between Roberson and appellant, executed on December 30, 1947, designated appellant as the "company" and Roberson Distributing Company as "dealer". It recited that the Company was manufacturer and distributor of refrigerators in the city of Beaumont and was desirous of doing business with the dealer, who would act as the Company's dealer for the sale of its standard line of commercial refrigerators, etc., in Lubbock County and fourteen other designated counties in the vicinity. It provided that the dealer should confine his sales to the designated territory unless given permission in writing to sell elsewhere; that the dealer would offer its standard line of refrigerators etc., in the designated territory; that the Company would furnish the dealer net prices f. o. b. Atlanta, Georgia, Beaumont, Texas, or destination, on equipment manufactured and distributed by the Company; and that the dealer would pay cash for all merchandise at the time of its delivery. There is no provision in the contract which binds appellant to do anything further than to furnish Roberson with net prices of its commodity f. o. b. Atlanta, Beaumont or destination. Immediately after appellee executed the contract of purchase, Roberson communicated with appellant by telephone and ordered the equipment and, on the next day, February 19, 1948, appellant issued an invoice of the units composing the refrigeration system which recited that it had sold the same to Roberson Distributing Company and that it was to be shipped to Lubbock. The written document executed by appellant and Roberson on December 30, 1947, was not a contract of agency, nor, within itself, a contract of sale. It provided that Roberson should pay cash for all equipment purchased from appellant and

527

that the title to all merchandise sold and delivered pursuant to it should remain in appellant until the full amount of the purchase price had been received by it, either in cash or deferred payment contracts properly assigned to it. A contract of purchase between appellant and Roberson was completed, however, when Roberson communicated with appellant by telephone on February 18, 1948, ordering the equipment and appellant accepted the order and executed its invoice.

■ There is nothing in the contract which indicates appellant was designating Roberson as its agent to sell its merchandise in the designated territory. On the contrary, it clearly appears from the terms of the contract, the telephone conversation and the invoice that appellant sold the refrigeration equipment directly to Roberson Distributing Company and that it was to be paid for by the latter. The title to the property then passed to Roberson Distributing Company and we find nothing in the testimony which indicates that appellant had anything to do with the sale by Roberson to appellee or that it ever at any time recognized either Roberson or Slade as its agent. Appellant reserved no control over the property or its proceeds other than to secure itself in the payment by Roberson of the purchase price. No provision was contained in the contract for the return of any portion of it that might not be sold by Roberson and no control over the price or terms under which Roberson should sell the equipment was reserved by appellant. We find nothing in any of the transactions which distinguishes them from an ordinary sale of personal property to be paid for upon delivery. We conclude therefore that the contract between appellant and Roberson Distributing Company, consisting of the written document, the order for the equipment and the invoice, was a contract of sale and not of agency. Fuqua v. Pabst Brewing Co., 90 Tex. 298, 38 S.W. 29, 750, 35 L.R.A. 241; Dr. Koch Vegetable Tea Co. v. Malone, Tex.Civ.App., 163 S.W. 662; American Brewing Ass'n v. Woods, Tex.Com.App., 215 S.W. 448; Texas Farm Bureau Cotton Ass'n v. Stovall, 113 Tex.

273, 253 S.W. 1101; Burford Oil Co. v. Jefferies, Tex.Civ.App., 59 S.W.2d 293.

■ After a number of efforts had been made by Roberson Distributing Company to adjust the refrigeration equipment and all of them had failed to make it function in the manner represented by Slade, appellee communicated with appellant and informed it of his dissatisfaction with the equipment. Appellant then undertook to adjust the units and their connections without charge to appellee. It ordered from the factory at Atlanta a new storage case, a unit of the system, and installed it in place of a similar one originally installed by Roberson. It wrote a number of letters to appellee and continued its efforts to make the equipment function in a manner satisfactory to him from August, 1948, until April, 1949. Appellee contends that these efforts of appellant and the letters and telegram it sent to appellee concerning the equipment constituted a ratification of the original contract under which appellee had purchased it from Roberson Distributing Company and that the judgment of the court was justified upon the theory of ratification. The rule is well established by the authorities that, to make a valid ratification of a contract by a person who is not a party to it, the original contract must purport to be in the name of, or for, the person alleged to have ratified it. Commercial & Agricultural Bank v. Jones, 18 Tex. 811; Moore v. Powell, 6 Tex.Civ.App. 43, 25 S.W. 472; O'Conner v. Camp, Tex.Civ.App., 158 S.W. 203; Texas Pacific Coal & Oil Co. v. Smith, Tex.Civ.App., 130 S.W.2d 425; Hayes v. Marble, Tex.Civ.App., 213 S.W.2d 329.

■ The contract of sale entered into by appellee and Roberson Distributing Company through its agent, Slade, did not purport to be the contract of appellant, nor was there any provision or recitation in it which indicated it was made for it or on its behalf. It was a plain, simple contract of sale in which Roberson Distributing Company was the seller and appellee was the purchaser. The letters and telegram sent to appellee by appellant show clearly that appellant's purpose in rendering serv-

528

ice to appellee by its efforts to adjust the equipment and in replacing one of the units with a new one was to satisfy appellee with the equipment. It informed him a number of times that it regretted complications had arisen whereby he was not satisfied but that, in keeping with its policy, it was making every possible effort to adjust the refrigeration system in such way as to maintain its good reputation and satisfy those who had purchased its products. The letters were written and adjustments made by appellant long after the purchase had been made by appellee from Roberson Distributing Company and we find nothing in any of them which indicates appellant was adopting the contract or had any intention to assume the contractual obligations of Roberson Distributing Company.

We have carefully examined all of the assignments of error and contentions presented by both appellant and appellee and, in our opinion, the court erred in denying appellant's plea of privilege. We find nothing in the record which could be construed as a cause of action arising in Dickens County in favor of the appellee and against appellant. The judgment of the court below will therefore be reversed and judgment here rendered directing that the cause of action be transferred to the District Court of Jefferson County.