William Miller *v.* The Royal Flint Glass Works, William Miller, William McKibben, J. Elsoffer, William Young, L. E. Strickle, John Reitzer, Patrick J. Kelley, John Hay, James Wosson, Patrick Connelly and Henry Wagner, Appellants.  Henry Wagner's Appeal.

*Judgment—Confession of judgment—Partnership—Practice, C. P.*

The duty of the prothonotary in entering a judgment by confession on a warrant of attorney, under the act of February 24, 1806, is to enter it "against the person or persons who executed the same," but this does not restrict him to the name or names appearing in full on the face of the warrant.

Where a judgment note has been signed with a firm name which does not disclose the individual names of the partners, the plaintiff may file a formal declaration against the partnership by its title, naming the individual members, and judgment may be thus confessed and entered by the prothonotary in this form.

*Partnership—Powers of partners to sign firm name—Evidence.*

If one partner sign and seal an instrument in the firm name, with the assent of the other, the latter is as much bound as if he had signed and sealed it himself, and his assent can be proved by any of the usual modes of evidence.

If a partner knows and assents to the signing of a judgment note in the firm name by his copartner, he is bound by it; and if he is ignorant of the giving of the note at the time, but he subsequently assents to it, he is also bound.

*Practice, C. P.—Trial—Jury—Request for instructions.*

Where the jury request further instructions, and the judge reads a portion of the testimony and gives some further instructions, and the jury state that their question is sufficiently answered, the party losing the verdict has no ground for complaint.  If he thought the part of the testimony read was an inadequate response to the jury's request he should have asked for the reading of such other part as he thought relevant and material.

Argued Oct. 15, 1895.  Appeal, No. 109, Oct. T., 1895, from judgment of C. P. Beaver Co., March T., 1892, No. 219, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Issue to determine validity of judgment.  Before WICKHAM, P. J.

On May 7, 1883, plaintiff took a judgment note from the firm of " Royal Flint Glass Works." The note was signed " Royal Flint Glass Works, J. Elsoffer, Treasurer, William McKibben, President." Henry Wagner was one of the partners. On February 4, 1892, the note together with a declaration setting forth the names of the partners was filed in the common pleas, and judgment entered under the warrant. Henry Wagner, one of the partners, petitioned to have the judgment stricken off as to him, but his rule was discharged. · The court subsequently opened the judgment to allow Wagner to defend on the sole ·ground that he had not authorized the note or assented to it.

.The court charged in part as follows :

Now, gentlemen, if there were nothing more than the signatures of Elsoffer and McKibben to this note the defendant here would not be liable, because it is a well-known rule of law, well established, that no partner, whether he is acting as business manager, secretary, treasurer or president of the partnership concern, has an implied authority to bind the partners by confessing judgment against them. He may have authority to give notes—common promissory notes—to draw checks, drafts and bills, and accept the same ; he may have authority to make all needful contracts of the business, but this authority to confess judgment against his partners can only be obtained by some special understanding or agreement or authorization between him and his copartners. It may, however, result from a ratification of what he does later, and I shall speak more fully in regard to this matter presently.

· As I said before, there is no implied authority on the part of one partner to bind another by confessing a judgment against him, or giving an instrument containing a warrant of attorney which will result or may result in the confession of judgment. A judgment entered on such an instrument is binding upon the partner who gives it, upon his individual property ; it is binding on the assets of the partnership ; that is, the partnership property which can be taken in execution may be so taken and sold. [And, gentlemen, it is binding on each and every partner who does not sign it, but who agrees to the giving of the note ; who authorizes it, who directs and permits the note to be given, whether his name is attached to it or not.] [3] [If a partner, who fails to sign, authorizes the giving of the note, judgment

may be confessed against him on the note individually afterwards, when the note is filed in the prothonotary's office; that is sufficient authority in Pennsylvania.] [4] [And, furthermore, even if he knows nothing at all of the giving of the note at the time it is given, has not authorized or consented to it in any way, if afterwards he ratifies or approves the note, knowing it to be a judgment note, agrees to pay it or in any other way ratifies the act of the partner or partners who have given the instrument, he is fully bound thereby, and he is liable to pay it out of his individual estate as well as out of his share of the partnership assets.] [5]   Gentlemen, you will see that a judgment note, where a just debt is due, is merely a short cut given the creditor to collect on his claim, together with certain advantages that usually follow in the way of waivers.   In the present case, as I said before, a suit could have been brought against Wagner and each and every partner, and judgment could have been obtained because the debt is not denied, and the property of each individual member of the partnership could have been levied upon and sold, if they had any property.

But in this case, it is alleged, instead of bringing suit, the plaintiff, William Miller, secured a judgment note from two of the partners, the third, who is here concerned, Henry Wagner, not consenting thereto and not afterwards ratifying the act of the partners who gave that judgment note.   The issue before you now, gentlemen, is (whether it is formally made up on the record or not I do not know, but that, if necessary, can be done hereafter) did the defendant, Henry Wagner, either authorize the giving of this judgment note when it was given, or before it was given, or did he afterwards, knowing that this judgment note had been given—this note here in suit—ratify the act of his partners—approve it, in giving the instrument?   If he did either of these things he is liable and you should find in favor of the plaintiff in the issue which we are trying.   If you find that he did neither of these things then you should say you find for the defendant in the issue joined.

It is, of course, the duty of the plaintiff to establish his case. The note itself does not do it; he is required to do it by evidence outside of the obligation.   And you will decide this case, gentlemen, by the weight or preponderance of the evidence.   That does not necessarily result in your counting the

witnesses. You should weigh it; you will consider who is the most credible; whose memory is the best; on whom you can most safely depend in your search for the truth. And you must for yourselves determine on which side the weight of the evidence is in this case.

Now, the defendant says that he was not present at the giving of this note ; knew nothing of it at the time. He admits that he heard of it later; that he knew a judgment note had been given. But the plaintiff alleges, and offered evidence here to that effect, that afterwards there was a conversation between the defendant and John Miller, the plaintiff's agent and bookkeeper, wherein the defendant ratified and approved the conduct of his partners in giving this note; that he agreed to pay it in part at least. [Well, gentlemen, if he agreed to pay it, or to pay his pro rata share, or any other share thereof, of the note as a note, that would be an admission that the note was binding upon him. It would be in the nature of an admission that his partners had authority to give the note; it would be his duty, of course, if the discussion turned on this note, or if he was asked to pay it, to deny any liability on the note as such.] [6] Now, he says that he did not admit his liability on the note; that he admitted he was liable for his pro rata share of the indebtedness due William Miller. John Miller says that the note was talked about. The defendant used the word note, perhaps, once or twice in his testimony in speaking of this matter, but the general effect of his whole testimony is that he only admitted the indebtedness; he says he did not know the amount of the indebtedness even at that time, and that he agreed to pay his share of that indebtedness. Gentlemen, you must determine who is telling the truth here, whether John Miller or the defendant. [If the defendant admitted his liability on this note—if he, knowing the judgment note had been given by his partner or partners, agreed to pay that note in whole or in part, then the plaintiff is entitled to your verdict;] [7] otherwise the defendant is entitled to the verdict, unless he authorized the giving of the note at the time it was given.

Verdict and judgment for plaintiff for $826. Henry Wagner appealed.

*Errors assigned* were (1) in not striking the name of Henry

Wagner from the record; (2) in opening the judgment so as to permit him to defend on the sole ground that he had never authorized or ratified the signing of the note; (3–7) portions of the charge as above, quoting them (8) in directing the stenographer, after the jury returned for further instructions, to read only one question and answer with regard to the kind of note given, and not the whole testimony relative thereto; (9) the charge as a whole misled the jury.

*Wm. A. McConnel, John M. Buchanan* with him, for appellant.—There was no authority contained in the warrant of attorney to enter judgment against the appellant, as his name did not appear on the note, nor was he in any way designated.

There can be no ratification unless the party has full information of what the agent has done: Zoebisch v. Rauch, 133 Pa. 532.

The appellant clearly had no intention of ratifying the giving of the note, for he would only agree to pay his pro rata share of the debt, therefore he did not ratify it.  He agreed to do nothing except what he believed he was already liable for, and a ratification cannot be implied unless the principal knew that he would not be liable without such ratification: Essick v. Buckwalter, 1 Mona., 211; Flemming v. R. R., 40 Leg. Int. 36.

The third contention is that the court treated the defendant unfairly in having the stenographer read but one excerpt from the testimony when the jury returned for further instruction. The whole testimony of the plaintiff, and even the question to which the answer was given, and the following question of the counsel for plaintiff, show that the use by the defendant of the word judgment in connection with the note was a mere slip of the tongue, and the fact of its use was denied until the production of the stenographer's notes showed that such was the fact.

*W. K. Jennings,* of *Jennings & Wasson, Thomas M. Henry* with him, for appellee.—The note was entered under the practice as it existed in this state previous to 1806.  It was held in Cook v. Gilbert, 8 S. & R. 567, and McCalmont v. Peters, 13 S. & R. 196, and Association v. Gardiner, 2 W. N. C. 96, that this practice was not superseded by said act: Watson v. Lukins, 126 Pa. 630.

The appellant is presumed to know the law, and that the law makes a general partner liable for the entire indebtedness of the firm. It is true a judgment note signed by one member of the firm would not enable the holder to enter judgment against any other member of the firm without special authority, but if he knew there was an outstanding judgment note signed in the firm name for a valid debt, it was his duty when his attention was called to it to promptly disclaim any liability: Kelsey v. Nat. Bank of Crawford, 69 Pa. 426; Bredin v. Dubarry, 14 S. & R. 27; Mills v. McDavit, 4 Luz. L. Reg. 293; Porter v. Patterson, 15 Pa. 229.

A promise to pay any part of the note was a recognition of the validity of the note itself as a whole. It was not a question of amount but of authority.

OPINION BY Mr. JUSTICE MITCHELL, November 4, 1895:

The duty of the prothonotary in entering a judgment by con fession on a warrant of attorney, under the act of February 24, 1806, is to enter it " against the person or persons who executed the same," but this does not restrict him to the name or names appearing in full on the face of the warrant. If it did, then a confession by a partnership in the firm name only, could never be entered up so as to be a valid lien against subsequent creditors: York Bank's Appeal, 36 Pa. 458. In Overton v. Tozer, 7 Watts, 331, the warrant was signed " T. C. Smart Jr. & Co." and was executed solely by Marshall, one of the partners, but the validity of the judgment was held to depend on the authority of Marshall to sign for the others. The prothonotary therefore in entering the judgment may inquire who are " the persons who executed the warrant," in the sense of who are the legal makers of the instrument liable thereon, even though they did not put their own hands to it, and their names do not appear on its face.

In the present case the note was made in the firm name, which did not disclose the individual names of the partners. The plaintiff's attorney filed a formal declaration against the partnership by its title, and naming the individual members, and the judgment was confessed by him and entered by the prothonotary in this form. There was nothing irregular on the face of it, and the court below was not bound to strike it off. The

appellant having made affidavit that the note was made and the judgment confessed without his authority, the court opened it to let in this defense. This was all that appellant was entitled to ask.

At the trial the issue turned entirely on a question of fact, whether Elsoffer and McKibben had authority from the appellant, either at the time or by subsequent ratification, to make the note. That appellant was a member of the firm and was liable for the original debt to the plaintiff, was not disputed: In Fichthorn v. Boyer, 5 Watts, 159; it was held that if one partner sign and seal an instrument in the firm name, with the assent of the other, the latter is as much bound as if he had signed and sealed it himself, and his assent can be proved by "any of the usual modes of evidence." And this rule has never been departed from: Kramer v. Dinsmore, 152 Pa. 264.

The portions of the charge contained in the third and fourth assignments of error, are in exact accord with the settled rule above referred to. The learned judge told the jury explicitly that there was no implied authority in his partners to bind appellant by such a note, but that if he knew and assented to it he would be bound. He further instructed the jury that although appellant did not know of the giving of the note at the time, yet if he subsequently assented to and ratified it, he would be equally bound. In this there was no error. There was a conflict of testimony as to the principal act of ratification alleged, the appellant claiming that he had only agreed to pay his pro rata share of the debt, while the plaintiff testified that the agreement was to pay his share of the note. The learned judge called the attention of the jury specifically and clearly to this difference, and left it to them to say which was the truth. He could not have done otherwise. Appellant's promise to pay his part of the note if the jury found that such was his promise, was certainly evidence of knowledge of its existence and its nature, and of assent to it in the form in which it stood. Even if he was ignorant of the legal effect of such a note in making him liable with the others for the whole debt, that would be an ignorance of the law, and not a want of knowledge of the facts which would deprive his act of its force as evidence of ratification.

The eighth assignment is without merit. The jury came in

for further instructions. The question they asked does not appear in the record, but the judge after having directed the reading of a brief portion of appellant's testimony by the stenographer gave some further instructions upon it and then asked if that sufficiently answered their question, to which the jury assented. There was no error apparent in this. If the appellant thought the part of the testimony read was an inadequate response to the jury's request, he should have asked for the reading of such other part as he thought relevant and material.

Judgment affirmed.