## LINCOLN FIRE INS. CO. v. TAYLOR et ux.

### No. 13105.

Court of Civil Appeals of Texas. Fort Worth.

March 15, 1935.

Rehearing Denied April 12, 1935.

Carrigan, Hoffman & Carrigan and Luther Hoffman, all of Wichita Falls, for appellant.

Heyser & Hicks, W. E. Fitzgerald, E. M. Robertson, and J. W. Friberg, all of Wichita Falls, for appellees.

BROWN, Justice.

Appellees, R. A. Taylor and D. G. Taylor, who are husband and wife, respectively, sued appellant on a fire insurance policy, dated September 23, 1932, issued by appellant's local agent, J. F. Friberg, alleging ownership of the real property, improvements, and personal property, covered by the policy. The fire occurred on September 27, 1932, four days after the date shown on the policy, and before the policy was delivered to the Taylors, and before any notice of issuance was mailed to the insurance company.

Appellant answered, among other contentions, alleging fraud upon the part of its agent, in issuing the policy, in the manner and under the circumstances, and prayed for judgment over against its agent, Friberg, if it be held on the policy.

The undisputed testimony discloses that the insurance company, several months

prior to the issuance of the policy in question, positively instructed its agent, Friberg, to cancel all insurance policies issued by it to D. G. Taylor, and thus specifically notifying its agent that it did not care to carry fire insurance upon any property owned by D. G. Taylor. With these facts before him, and with full knowledge of the fact that his principal, for reasons best known to it, did not care to contract for insurance protection with D. G. Taylor, the agent issued a policy in the name of R. A. Taylor, husband of D. G. Taylor, upon the property in question. This was undoubtedly a device, or scheme, to secure fire insurance for Mrs. D. G. Taylor, by using her husband's name as the assured, and thus prevent the insurer from knowing that it was dealing with and insuring a former customer, whose contracts it had ordered canceled by its local agent, and with whom it did not care to contract.

Under such circumstances, and with the record before us, showing that the insurance company's local agent undertook to "take care" of Mrs. Taylor's insurance, and sought to get her properties covered by other agents without success, we hold that the action of the local agent was contrary to the positive instructions received from his principal.

The contract, issued under such undisputed circumstances, is not binding upon the insurance company.

█ The mere fact that eight months after he issued the policy, in the face of the positive instructions from his principal, and after the principal repudiated the contract, the agent mailed a check to the principal, containing the premium for the policy in controversy, with other premiums, does not serve to work waiver, estoppel, or ratification by the principal. It has tendered the premium paid under such circumstances, and would not have accepted a check executed in payment thereof, had the agent issued such a check and advised the principal the source from whence it came and the purpose for which it was issued.

█ An insurance agent cannot act in a dual relation and bind either party, without his consent, where the duties and interests conflict, or the services are not incompatible, so that each relies upon the agent. 24 Tex. Jur. p. 794; Liverpool & L. & G. Ins. Co. v. McCollum (Tex. Civ. App.) 149 S. W. 775; Ætna Ins. Co. v. Richey (Tex. Civ. App.) 206 S. W. 383.

█ It is well established that one cannot be held to have ratified a contract which one would not have entered into, in the first place, unless full knowledge of all of the material facts is shown.

• In the instant suit, the real facts were purposely withheld from the principal.

█ Ratification can only be effectual between the parties involved when the agent's act is done openly and admittedly for the principal, and not when done for the agent's express benefit or for some third party.

█ It follows that, if the agent's act is a fraud upon the principal, it is incapable of ratification. No principal would confer an authority to practice a fraud upon itself. 2 Tex. Jur. p. 494; Commercial & Agricultural Bank v. Jones, 18 Tex. 811.

Under the undisputed evidence adduced upon the trial of this cause establishing the following facts, that appellant had positively instructed its agent, Friberg, to cancel all of its policies insuring D. G. Taylor, one of which was on the premises in controversy, which instruction was carried out, that its said agent was forbidden to write any policy insuring D. G. Taylor, that the agent communicated such facts to D. G. Taylor, that the agent promised D. G. Taylor to see that her properties were insured, that the agent tried, without success, to get such properties insured through other agents, that he then issued a policy in the appellant company upon the property in the name of D. G. Taylor's husband, R. A. Taylor, that he never reported the issuance of the policy to his principal, and never delivered it until after the fire, and that such policy was the only one ever written by him, on D. G. Taylor's property, in the name of R. A. Taylor, we hold that the agent was not acting at such time, and under such circumstances, for his principal, but was acting for the insured, and perpetrating a fraud upon the principal for the benefit of the insured. First Texas Joint Stock Land Bank v. Chapman (Tex. Civ. App.) 48 S.W.(2d) 651; Dallas Bldg. & Loan Ass'n v. Patterson (Tex. Civ. App.) 48 S.W. (2d) 657; Centennial Mut. Life Ass'n v. Parham, 80 Tex. 518, 16 S. W. 316.

This cause was tried to a jury, and on the answers to issues submitted the trial court rendered judgment for appellees, the Taylors, against appellant, the insurer.

The first proposition is addressed to the assignment of error complaining of the trial court refusing to give a peremptory instruction for appellant, defendant below. We think the assignment of error well taken,

and do not feel under necessity to discuss the case further.

The judgment of the trial court awarding a recovery to appellees, the Taylors, against appellant on the policy of insurance, is reversed, and judgment is here rendered that said appellees take nothing as against appellant.

The judgment as between appellant and its agent, appellee Friberg, is by us left undisturbed, in view of our holding.

All costs are taxed against appellees R. A. and D. G. Taylor.