## CAMDEN FIRE INS. ASS'N v. CARROLL.

### No. 13500.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 5, 1937.

Rehearing Denied March 12, 1937.

Bryan & Bryan, of Houston, for plaintiff in error.

Greines & Greines, of Fort Worth, for defendant in error.

BROWN, Justice.

For convenience, the parties will be referred to as appellant and appellee.

The undisputed facts disclose that appellee Carroll applied to a local firm of insurance agents, to wit, Harrison-Kennady & Co., for a fire insurance policy, on a trailer owned by him, and that such insurance agents executed and delivered to appellee a fire insurance policy, the insurer being the St. Paul Fire & Marine Insurance Company, for which company Harrison-Kennady & Co. were the duly authorized agents, and that before the expiration of such policy, such insurer demanded of said local agents that said insurance policy be canceled.

The policy of insurance had been delivered to appellee, who was traveling over the country and who could not be readily located and contacted by Harrison-Kennady & Co. Upon receipt of such request by the insurer, Harrison-Kennady & Co., being unable to write any other policy on the trailer for appellee in any company represented by them, communicated with Cravens-Dargan & Co., insurance agents of Houston, Tex., who represented a large number of insurance companies, and on April 12, 1934, Cravens-Dargan & Co. being then the duly authorized agents of the Camden Fire Insurance Association, appellant here, executed the policy in controversy with said last-named insurance company as the insurer, and delivered same to Harrison-Kennady & Co. for delivery to appellee. Harrison-Kennady & Co. turned the policy over to one of its solicitors, Mr. Kenyon, who had solicited the insurance in the first instance. During all of this time, appellee Carroll was absent from Fort Worth, Tex., and Mr. Kenyon held the policy in his hands.

It is undisputed that while the last-named policy was in the hands of Harrison-Kennady & Co., Cravens-Dargan & Co. wrote Harrison-Kennady & Co. instructing them to cancel the policy of insurance in question, and on August 1, 1934, wrote the following letter:

"We have not as yet received copy of registered notice of cancellation on the above captioned St. Paul policy which we requested that you send out immediately in our letter of July 18.

"Due to the unfortunate experience which we have had on these risks, we now have no alternative but to ask that you send out registered notices of cancellation also on Camden policy No. 17975 unless you still have it in your possession.

"If for some reason you do not wish to send out these registered notices from your office, advise us by return mail so that we can attend to it promptly."

The undisputed testimony shows that Harrison-Kennady & Co. delivered this letter to solicitor Kenyon for attention.

The ledger sheet produced by Harrison-Kennady & Co., showing the condition of appellee's account, discloses an entry showing that the "St. Paul" policy was rewritten in the "Camden" Company and Carroll credited with the premium charged to him on the "St. Paul" policy; and that on April 12, 1934, appellee was charged the premium of $27.50 on the "Camden" Company policy; and that an entry was made on August 26, 1934, with respect to such Camden policy, "Cancelled by Company."

It appears that long after these happenings and in the late fall of 1934, Harrison-Kennady & Co. delivered the Camden policy to appellee Carroll, and that the trailer burned.

Appellant denied any liability under the policy, and appellee brought suit, alleging, in substance, that he was the owner of the trailer on or about April 12, 1934, and that appellant issued and delivered to him the policy in controversy, "whereby, in consideration of the payment by said plaintiff to defendant of the premiums therein specified, the defendant insured said plaintiff against loss by fire to the amount of $1000.00." He alleged that at the time of the destruction of his property he had in all respects complied with the conditions and provisions of the policy of insurance and had paid all the premiums accrued and due thereon; had made proof of destruction of his property and demanded the sum of money owing to him under the policy, and asked for judgment thereon.

Appellant answered, after a general demurrer and a general denial, denying that the policy of insurance sued upon was ever delivered to appellee with its consent or by any person having authority to deliver same, denying that appellee had ever paid it any consideration for the policy, and denying that the said Kenyon was its agent or had any authority from it to make a contract of insurance for it, and asserting that Kenyon was only a solicitor of insurance, and pleaded further that Kenyon failed in his attempt to substitute appellant's policy for the policy written by the St. Paul Fire & Marine Insurance Company, and alleged that long prior to the delivery of its policy to appellee it had canceled same, and had specifically instructed Harrison-Kennady & Co. that it did not desire to cover the risk on the property in question, but demanded the redelivery of the policy of insurance, and that contrary to and despite such specific instructions and cancellation, all had prior to the time of the delivery of the policy to Carroll, the solicitor Kenyon, without any authority from appellant to do so and without its knowledge or consent, and in a manner unknown to appellant, got possession of the policy of insurance and attempted to substitute the "St. Paul" policy therefor; and denied that such acts on the part of Kenyon effected a binding contract between it and appellee.

Appellee answered by a supplemental petition, the substance of which is that the matters alleged by appellant as having been had and done between it and Harrison-Kennady & Co. were not known to appellee. He further alleged that the policy he sued upon "was forwarded to the local agents of the defendant for delivery to this plaintiff and was constructively and actually delivered to this plaintiff, on or about said date, by the defendant, its agents, representatives and employees, although the manual and physical delivery of said policy was made on or about the latter part of September or the first part of October, 1934, by the defendant, its agents, representatives and employees."

Appellee denied that the policy was ever canceled, and that if any attempted cancellation of the policy was made, such was not done in the manner required by law, and no return of the premium to plaintiff, as required by law, was ever had. He denied that he ever received any letter purporting to cancel the policy.

The undisputed facts disclose that appellee Carroll kept both the St. Paul policy and the Camden policy in his possession.

The case was tried to a jury, and after all evidence was introduced, appellant requested a peremptory instruction in its favor, which was refused.

The trial court submitted the cause to a jury on special issues.

Issue No. 1 reads: "Do you find from a preponderance of the evidence that Cravens, Dargan & Company gave notice to the firm of Harrison-Kennady & Company of cancellation of the policy in question?" To this the jury answered: "No."

Although instructed that should the answer to this first issue be "no," they need not answer issue No. 2, nevertheless the jury did answer issue No. 2; the issue and its answer being as follows: "Do you find from a preponderance of the evidence that such notice, if any, as inquired about in issue No. 1, was given to the firm of Harrison-Kennady & Company before the policy in question was delivered to the plaintiff Carroll?" Answer: "No."

The jury further found that Carroll, by the use of ordinary care, could not have learned of the notice which was inquired about in special issue No. 1; that the property in question was destroyed by fire; that its value was $1,750; and that the policy was delivered to Carroll, but the date of such delivery was not specified, nor was it asked of the jury, except that the jury was asked and found that the policy was delivered before the property was destroyed by fire. The jury further found that at the time of the delivery of the policy, Carroll accepted it as a substitute for the St. Paul policy.

Appellant made a motion for judgment, notwithstanding the verdict, which was denied.

Judgment was rendered against appellant in favor of appellee for the face value of the policy. A motion for new trial having been made, same was overruled, notice of appeal given, and the case is before us for review.

There are a number of interesting questions in this case, but viewing it as we do, we shall not discuss all of them.

■ Taking the broadest view possible under the undisputed facts, Harrison-Kennady & Co. could be held to be no more than soliciting agents for appellant, and, as such, could do no more than they did do, to wit, solicit the insurance for appellee Carroll in the appellant company, and when the insurance policy was executed and delivered to such soliciting agents, they had no authority to do other than deliver the policy. The undisputed facts show that long before the policy of insurance was delivered to Carroll, the soliciting agents, Harrison-Kennady & Co., were specifically directed to cancel the insurance policy if it had been delivered, and were specifically notified that appellant did not desire to take the risk. Under these undisputed facts, neither Harrison-Kennady & Co. nor its solicitor and employee, Kenyon, could deliver the policy of insurance in question and bind the insurer.

We held in the case of Lincoln Fire Insurance Co. v. Taylor et ux., 81 S.W.(2d) 1059 (writ dismissed), that the authorized agent of a fire insurance company, who had been instructed not to execute a fire insurance policy for a certain party, could not, in violation of such instruction, execute the policy and bind the insurance company.

Here, we are not dealing with a designated agent, but with one who is no more than a soliciting agent, to whom the policy of insurance was delivered for delivery to the insured, and long prior to the attempted delivery to the insured by such soliciting agent, the insurer advises such agent that it does not care to carry the risk and demands that the insurance policy be canceled if it has been delivered to the insured. Neither Harrison-Kennady & Co. nor its employee and solicitor, Kenyon, could bind the appellant by delivery of the contract of insurance under the facts and circumstances shown in this case.

In addition to the authorities cited by us in the Taylor Case, supra, we cite Bankers Lloyds v. Montgomery (Tex.Com. App.) 60 S.W.(2d) 201; Ætna Life Ins. Co. v. McIver (Tex.Civ.App.) 65 S.W. (2d) 817.

It will be observed that there was no pleading of estoppel by appellee, nor did he plead "implied agency," or "apparent authority," as related to the acts of Harrison-Kennady & Co. and its employee, Kenyon.

We will not discuss all of the objections raised by appellant to the charge of the court, but will content ourselves with a short discussion of several issues and some questions raised thereon.

██ We have shown that the jury found, in answer to special issue No. 1, that Cravens-Dargan & Co., general agents for appellant, never gave notice to Harrison-Kennady & Co. of the cancellation of the insurance policy. The undisputed testimony shows that demand was made upon Harrison-Kennady & Co. to cancel the policy if it had been delivered, and that they were advised that if they did not care to send out the registered notices of cancellation from their office, to notify Cravens-Dargan & Co., so that that company could promptly attend to the matter. It is undisputed that they were likewise put upon notice not to deliver the policy to appellee if same was then in the possession of Harrison-Kennady & Co., and 'that at such time the policy had never left the hands of Harrison-Kennady & Co. and its employee, Kenyon.

There is absolutely no evidence to support the findings of the jury on special issue No. 1.

The same criticism is applicable to the answer of the jury given to special issue No. 2.

██ The finding of the jury, in answer to special issue No. 4, that Carroll by the use of ordinary care could not have learned of the notice inquired about in special issue No. 1, is wholly immaterial under the undisputed facts of this case. The undisputed facts having shown that Carroll never delivered up the St. Paul policy, but held on to it for whatever it may have been worth to him, and the finding by the jury in answer to special issue No. 9 that at the time of the delivery of the Camden policy to Carroll, he accepted it as a substitute for the St. Paul policy, finds no support in the evidence. But even if Carroll did accept the Camden policy as a substitute for the St. Paul policy at the time the Camden policy was delivered to him by the solicitor Kenyon, under the undisputed facts in this case Kenyon had no authority to deliver such policy to Carroll at that time, and in the face of the instructions and notices given by Cravens-Dargan & Company theretofore, could not bind the appellant by any such delivery.

As we view this case, the appellant was entitled to a peremptory instruction. Therefore, the judgment of the trial court is by us reversed and judgment here rendered for appellant; that appellee take nothing by reason of his suit.