## VALASKE v. WIRTZ.

### In re ST. CLAIR et al.

### No. 8144.

Circuit Court of Appeals, Sixth Circuit.
Sept. 18, 1939.

Manuel Valaske, of Chattanooga, Tenn. (Manuel Valaske, of Chattanooga, Tenn., on the brief), for appellant.

Louis R. Schear, of Cincinnati, Ohio (Louis R. Schear, of Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

For several years John St. Clair and Chris Demetral were partners in the operation of a restaurant in Hamilton, Ohio, known as The Gold Dollar Cafe, owning respectively two-thirds and one-third interests therein. On October 27, 1937, they filed a voluntary petition in bankruptcy, and the partnership was duly adjudged bankrupt. Appellant claimed to be a secured creditor by virtue of a mortgage executed to him by St. Clair. The referee denied appellant's claim, the District Court affirmed his order and this is an appeal from that judgment.

The mortgage upon which appellant bases his claim was executed by St. Clair on March 16, 1932, upon "all the grantor's two-thirds interest in the goods and chattels in The Gold Dollar Cafe." It was given to secure the repayment of $500, borrowed by St. Clair in December, 1931, and $750, borrowed when the mortgage was executed, these loans being evidenced by the individual promissory note of St. Clair. Appellant claims that the money was used for partnership purposes, that the note is a firm obligation and that the mortgage is a lien upon two-thirds of the partnership property. The referee and the District Court held that the mortgage covered only

St. Clair's two-thirds interest in the partnership property.

• Appellant's first contention is that Demetral's advance knowledge or subsequent ratification of the transaction between himself and St. Clair not only made the note a partnership obligation but secured it as well by a mortgage upon two-thirds of the partnership assets. His second contention is that, assuming the loan to be but the individual obligation of St. Clair, Demetral's alleged consent and ratification operated as a waiver of his so-called partner's lien, which would otherwise empower each partner to require that firm creditors be paid before any payment is made from firm assets to individual creditors; and that in consequence of this waiver, appellant's mortgage entitled him to a priority over unsecured creditors of the firm. Since previously allowed secured claims and other priorities exceed the proceeds from the sale of the partnership property, appellant's right to participate in the distribution is dependent upon his mortgage establishing a priority over general creditors of the firm.

Appellant's first contention presupposes that St. Clair either had authority, express or implied, to borrow money for the firm and to mortgage firm property as security, or that there was an effective ratification of his previously unauthorized act in doing so.

Conceding this partnership to have been of the type in which each partner has authority to borrow money for the firm, there is nothing to indicate that St. Clair intended to exercise such power on the occasion in question. On the contrary, the form of his note indicates that he intended to obligate himself individually rather than the partnership, in which event his subsequent use of the money received for partnership purposes doubtless made him a creditor of the firm. But if there can be any doubt as to whether St. Clair intended the note to bind him alone or the firm, it is clear, from the language of the mortgage, that he did not intend that it should bind the partnership property. In words as clear and unequivocal as could have been selected, he conveyed his individual two-thirds interest, which was two-thirds of the residue remaining after payment of firm creditors. See Heirs of Ludlow's Heirs v. Devisees of Cooper, 4 Ohio St. 1; Place v. Sweetzer, 16 Ohio 142; Staats v. Bristow, 73 N. Y. 264; 30 O.Jur., Partnership, Sec. 48; Gilmore on Partnership, Sec. 55; Crane on Partnership, Sec. 40. In consequence, a contention that the mortgage was binding upon firm property when it was executed cannot be sustained.

Nor could a subsequent ratification have this effect. It is well established in the law of agency that an unauthorized act can be ratified only when the act done was accompanied by a profession that it was done as the representative of another. Johnson v. North British & M. Ins. Co., 66 Ohio St. 6, 63 N.E. 610; 1 O.Jur., Agency, Sec. 64; Tiffany on Agency (2nd Ed.), Sec. 48. If the other, thereafter, with knowledge of the facts, expressly or impliedly, approves the act professed to have been done on his behalf, he is bound as fully as if he had authorized it in advance. United States Rolling Stock Co. v. Atlantic & G. W. R. Co., 34 Ohio St. 450, 32 Am. Rep. 380; Miller v. Royal Flint Glass Works, 172 Pa. 70, 33 A. 350; 1 O.Jur., Agency, Sec. 73; Gilmore on Partnership, Sec. 89. But profession to act for the other is a condition precedent to the existence of the other's power to ratify. The ratification of an unauthorized act of a partner is governed by this requirement. See 30 O.Jur., Partnership, Sec. 62; Gilmore on Partnership, Sec. 89.

As already stated, St. Clair probably did not intend to act as agent for the firm when he borrowed the money and clearly did not do so when he executed the mortgage. Nor did he profess in either instance to act for the partnership. Consequently, his acts could not be ratified.

But if all the conditions essential to the existence of a power in Demetral to ratify had been present, there is no indication whatever that he adopted or assented to the mortgage as a firm obligation.

In support of his first contention, appellant relies upon McGahan v. Bank of Rondout, 156 U.S. 218, 15 S.Ct. 347, 39 L. Ed. 403. That case, however, is clearly distinguishable.

In the McGahan case, the partnership asset in question consisted of certain land, legal title to an undivided three-fourths interest in which was vested in Crane, the partner who executed the mortgage and who also owned a three-fourths interest in the partnership. A loan was made to the firm, evidenced by a partnership note, and the mortgage deed was executed to secure its payment. Of necessity, it was executed by and in the name of Crane. It is clear,

however, that the Court regarded the mortgage deed as executed by Crane on behalf of the firm; in other words, that the mortgagor intended to convey the total interest in an undivided three-fourths of the land, rather than merely his own individual interest, and that in so doing he acted on behalf of the firm. Under these circumstances, the Supreme Court was of the opinion that either a prior authorization or subsequent ratification by the other partner was sufficient to render the mortgage a lien upon this firm asset and give the mortgagee a priority over a subsequent purchaser at an execution sale of the partnership property.

In that case, if Crane had actual authority, it is clear that its exercise would bind the firm. Consequently, the McGahan decision might rest on that basis alone. If, however, he was without actual authority, it is nevertheless evident that the Court decided that he intended to, and did, act for the firm. Whether he expressly professed to act for the firm, does not appear. Whether such a profession is unessential to a ratification of a mortgage of partnership realty when legal title is vested in the mortgagor, was not indicated. But a determination of that question is not required here as personalty is involved and St. Clair clearly neither intended nor professed, as shown by the language he used, to mortgage more than his own individual interest in the partnership property.

We conclude that appellant's first contention is invalid and, in view of our conclusion that the mortgage conveyed no partnership property, we must also reject his second contention, that the consequence of Demetral's alleged ratification was a waiver of his lien as a partner, which destroyed the priority that firm creditors would have enjoyed and gave appellant priority over unsecured firm creditors. Whether it be assumed that Demetral's alleged ratification of a note that did not purport to be a firm obligation made it such or not, the fact nevertheless remains that the mortgage did not purport to convey more than St. Clair's interest in the firm assets. Whether Demetral's alleged ratification was entirely without legal effect, or not, it is at least clear that it could not enlarge the scope of the previously executed mortgage.

The judgment of the District Court is affirmed.