**SMITH–PERRY ELECTRIC COMPANY,**
**Appellant,**

v.

**TRANSPORT CLEARINGS OF LOS ANGELES, Assignee of Texas-Arizona Motor Freight, Inc., Appellee.**

**No. 16402.**

United States Court of Appeals
Fifth Circuit.

May 17, 1957.

---

---

Ralph W. Currie, J. C. Muse, Jr., Dallas, Tex., for appellant.

Robert M. Ewing, Goldberg & Alexander, Dallas, Tex., for appellee.

Before RIVES, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

The appellant, Smith-Perry Electric Company, was a dealer in electric equipment and supplies, at Dallas, Texas. It sold to C. L. Wood, of Mill Creek, Oklahoma, three transformers manufactured by Gregory Electric Company, of Los Angeles, California. The manufacturer shipped the transformers from Los Angeles to Wood at Mill Creek. The manufacturer guaranteed the transformers for a period of a year. Wood complained to T. J. Farrington, sales engineer of the Smith-Perry Company, that two of the transformers were bad. Farrington called Gregory Electric Company and was told to tell Wood to ship the transformers back freight collect. Farrington called Wood and told him that Gregory had asked that the transformers be shipped to it freight collect. Wood delivered the two transformers to Frisco Transportation Company, a motor carrier, under a bill of lading showing Gregory Electric Company, Los Angeles, California, as the consignee. The bill of lading had a blocked space in which was printed:

"Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement:

" 'The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.' "

"Per ......................
"(Signature of Consignor.)"

This non-recourse clause was not signed by Wood.

The transformers were delivered by a connecting motor carrier to Gregory Electric Company without the freight being collected. The Gregory Electric Company became insolvent. Transport Clearings of Los Angeles, the appellee, claiming as assignee of Texas-Arizona Motor Freight, Inc., brought an action against Smith-Perry Electric Company and C. L. Wood for the freight under 49 U.S.C.A. §§ 1 et seq., 323. In its complaint, the appellee alleged that it transported the shipment of two transformers; that although the shipment was made collect the transformers were delivered without payment of the freight. It was also alleged that in making the shipment Smith-Perry Electric Company was the principal and Wood was its agent. Attorneys' fees were sought. The action was dismissed as to Wood. The case was tried before the court without a jury and judgment was entered for freight in the amount of $683.92 and for an attorneys' fee in the amount of $100. No findings of fact or conclusions of law appear in the record.

The appellant contends that the judgment must be reversed because it was not made to appear that the appellee had a right to recover the freight, that the appellant was not shown to be under any obligation to pay the freight, and that attorneys' fees could not be recovered.

It is difficult to find in the record substantial evidence of an assignment to the appellee of the claim for unpaid freight, of the amount of the freight and its nonpayment, and of the delivery of the ship-

821

ment to the consignee. The evidence from which these facts might be inferred is, at best, somewhat scant. The comment of the trial judge, "I think that perhaps the proof all along the line might have been a little better;" would appear to be an understatement.

The appellee's theory is that Wood was the agent of the appellant in making the shipment. Whether or not this be so, we are unable to find in the record any facts which would establish liability of the appellant for the freight charges. One of the horn-book principles of agency is that a principal is bound by the acts of his agent acting within the scope of his authority. It is, of course, also elementary that a transaction outside the scope of the agent's authority, actual or apparent, is incapable of subjecting the principal to liability. 2 C.J.S. Agency § 91, p. 1182. That Wood was not acting under any express authority of the appellant seems clear. Wood was told to "send the transformers back freight collect".

The appellee can gain no benefit from the doctrine of apparent authority. "Apparent authority is the power of an apparent agent to affect the legal relations of an apparent principal with respect to a third person by acts done in accordance with such principal's manifestations of consent to such third person that such agent shall act as his agent." Restatement, Agency, § 8. The principal is liable only where there has been an appearance of authority created by himself. One who seeks to charge another as a principal by reason of a transaction with one acting as an agent must show facts from which the apparent authority might be inferred and that such facts were known to and relied upon by him in entering upon the transaction. 2 Am. Jur. 85, Agency, § 103. No such showing is here made. It is not proved nor is there any evidence from which an inference can be drawn that the initial carrier knew or had any notice that the appellant was or might have been connected with the shipment or had any interest in the transformers. One who deals with

another as a principal without knowledge of the existence of an agency for another cannot invoke the doctrine of apparent authority against the real principal. See Annotation 95 A.L.R. 1319. Cf. Pair v. Caraway Drilling Co., Tex.Civ.App., 250 S.W.2d 292.

Since we cannot sustain the judgment of the district court it will be here reversed and rendered for the appellant.

Reversed and rendered.