**BULLEN GIERHART & GRAY CON-STRUCTION CO. and West Oak Developments, Appellants,**

v.

**SACHS ELECTRIC CO., Appellee.**

**No. 01–83–0040–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 23, 1984.

Frank N. Ban, Park & Moss, Houston, for appellants.

Bruce S. Powers, Woodard, Hall & Prime, Houston, for appellee.

Before EVANS, C.J., and DOYLE and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

Bullen Gierhart & Gray Construction Co. and West Oak Developments, the general contractor and developer, respectively, on a condominium construction project, sued Sachs Electric Co., subcontractor, for the difference between Sachs' bid for certain electrical work and the amount paid to another subcontractor who ultimately did the work. On the basis of the jury's finding that there was an agreement to rescind the Sachs Electric contract, the trial court entered a take-nothing judgment in favor of Sachs Electric. We affirm.

In fifteen points of error, the general contractor and the developer challenge the legal sufficiency of the evidence to support the jury's finding on the issue of mutual rescission, and also complain of the trial court's instruction on that issue.

The record reflects that in March 1978, the general contractor solicited a bid for electrical work from Marlon Electric Co., and that company prepared electrical drawings to obtain a building permit. During that same time frame, the developer's representative encouraged Sachs Electric to submit a bid for the electrical work on the basis of the preliminary architectural drawings. By letter dated March 13, 1978, Sachs Electric's local representative submitted a bid proposal to the developer's representative, outlining the scope of the electrical work and offering to furnish the electrical design, labor and materials for the total price of $150,000. There was testimony that the developer's representative orally accepted this bid proposal on March 13 or 14, 1978. Subsequently, on June 13, 1978, Sachs Electric, at the general contractor's request, gave the general contractor a bid proposal that was substantially the same as the March 13 proposal it had earlier submitted to the developer. The jury found that the general contractor accepted this offer. The record reflects, however, that the contractor was not willing to formalize this contract in writing until the final plans had been completed, and the final agreement was never executed.

On June 27, 1978, Sachs Electric's local representative sent a letter to the contractor stating that certain changes in the mechanical layout would significantly affect the electrical installation, and requested a copy of the drawings reflecting those

changes so that the cost could be evaluated. On July 13, 1978, the developer's representative, the president of Sachs, and Sachs' local representative, met and discussed the Sachs Electric contract. Sachs' president advised the developer that Sachs had evaluated the project in light of the latest drawings and that it would cost far in excess of the amount quoted in the June 13 proposal to perform the work. The developer replied that "if that is your price for this job, then I will find someone else to do it." Sachs' president then stated that Sachs Electric had done some engineering on the project and had made a payment of $1,000 to secure temporary power. The developer replied "if you will send me your engineering drawings, I will return your $1,000."

The general contractor testified that he had an oral agreement with Sachs Electric, but could not remember whether they had agreed on the terms of payment, insurance requirements, and indemnification. He did recall that Sachs Electric had promised to guarantee its work for twelve months following completion of the project. He believed that an agreement was reached a couple of weeks prior to May 31, 1978.

Three days after the July 13 meeting between the developer and Sachs Electric, the contractor solicited a proposal from Marlon Electric. A formal contract with Marlon Electric was executed on August 4, 1978. The scope of the electrical work performed by Marlon Electric was essentially the same as the work outlined in the proposal from Sachs Electric.

The jury found that the general contractor and Sachs Electric mutually rescinded their contract on or after July 13, 1978.

The general contractor's basic contention is that the developer was not its agent, and that the evidence of the developer's rescission of the contract was immaterial to the issue of whether the contractor rescinded the contract. It argues that the only evidence of rescission on the part of the general contractor was its subsequent contract with Marlon Electric. It contends that the Marlon contract was made solely in mitiga-

tion of damages, and therefore constitutes no evidence of an intent to rescind its earlier contract with Sachs Electric. In support of its position the contractor relies upon *Pair v. Caraway Drilling Co.*, 250 S.W.2d 292 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.), in which the court held that an owner was not liable for a contract made between an independent contractor and a subcontractor.

■ Article 11 of the basic contract between the developer and the general contractor in the case at bar provides that the developer has the right to approve all subcontract bids. Thus, the contract clearly reflects the parties' agreement that the developer retained a position of final control with respect to all subcontracts affecting the construction project. It is uncontroverted that the developer and Sachs Electric mutually agreed to rescind the contract, and from all the circumstances indicated, the jury could reasonably have decided that the general contractor acquiesced in the developer's decision to rescind the contract with Sachs Electric. We overrule points six through fifteen.

■ The trial court submitted the following issue and instruction to the jury:

### SPECIAL ISSUE NO. TWO

Do you find from a preponderance of the evidence that Bullen Gierhart & Gray Construction and Sachs Electric Company mutually rescinded their contract on or after July 13, 1978?

You are instructed in connection with Special Issue No. Two that mutual rescission of a contract may result from an express agreement to rescind the contract or may be implied from the course of conduct of the parties indicating an understanding that the contract is terminated.

The contractor and developer requested the submission of the following proposed instruction, which the trial court refused:

You are instructed in connection with special issue No. ____ that parties may rescind their contract by mutual agree-

ment and thereby discharge themselves from their respective duties. Expressions of assent are usually in the form of an offer by one and an acceptance by the other and an operating agreement of rescission can be made tacitly as well as expressly. An expression of repudiation by one party to a contract is not an offer of rescission. There must be an acceptance by the other party either affirmatively or by acquiescence in a manner and under circumstances sufficient to constitute an election to treat the contract as terminated. This is not supportably shown in the fact that a party is silent after being notified of a repudiation by the other contracting party and thereafter acts in self protection by taking steps to mitigate damages.

The developer and contractor contend that the trial court's instruction failed to properly define rescission, failed to distinguish between repudiation and rescission, and constituted a comment on the weight of the evidence. Their position is that all such errors would have been avoided if their requested instruction had been given. These contentions are overruled.

Both the requested instruction and that given by the trial court explained that an agreement to rescind might be inferred from a party's acquiescence, and there is no substantial difference between the two instructions in that respect. The instruction given by the trial court properly advised the jury of the factors it might consider in deciding the controlling issue, and the court's instruction neither misstated applicable law nor constituted an improper comment on the weight of the evidence. We also overrule the contention that the instruction erroneously failed to distinguish between repudiation and rescission. The instruction given by the trial court properly defined for the jury the factors which constituted a rescission, and the court was not required to further instruct the jury on those circumstances that would not constitute a rescission. We overrule points of error one through five.

We have considered all contentions advanced by the developer and contractor, and we conclude that all should be overruled. Thus, it is unnecessary to discuss the counterpoints advanced by Sachs Electric.

The judgment of the trial court is affirmed.

For publication. Tex.R.Civ.P. 452.